IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>CITY OF ERIE, PENNSYLVANIA,<br><br>DEFENDANT. | Civil Action No. 04-4    Erie<br><br>JUDGE MCLAUGHLIN |

### JOINT MOTION FOR PROVISIONAL ENTRY OF CONSENT DECREE

Plaintiff United States and defendant City of Erie, Pennsylvania (the "City") jointly move this Court to enter the accompanying proposed Order, provisionally approving and entering the Consent Decree agreed to and executed by the parties, subject to the Court's final approval and entry after a fairness hearing. The Consent Decree, if given final approval and entered by the Court, will resolve all claims of the United States against the City set forth in the United States' Complaint.

The United States and the City request that a fairness hearing be held as soon as possible, but not less than ninety (90) days after the Court's provisional approval entry of the Consent Decree, in order to allow persons who are not parties to this action, but whose interests may be affected by the terms of the Consent Decree, an opportunity to submit objections regarding the Consent Decree.

Accompanying this Joint Motion is the Consent Decree and proposed Order approving and provisionally entering the Consent Decree.

JOINT MOTION FOR PROVISIONAL
ENTRY OF CONSENT DECREE

Respectfully submitted this __1st__ day of March, 2006,

On behalf of plaintiff United States:

_[signature]_

Sharon A. Seeley  [IL Bar # 06197091]
Clare Geller [NY Bar # 4087037]

U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue
Patrick Henry Building, Room 4908
Washington, DC 20530
Telephone: (202) 514-4761
Facsimile: (202) 514-1005

Jessica Lieber Smolar [PA ID 65406]
Assistant United States Attorney
U.S. Post Office and Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219
Telephone: (412) 894-7419

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

On behalf of defendant City of Erie:

_[signature]_

Gerald J. Villella, Esq. [PA ID 32814]
Office of the City Solicitor

626 State Street, Room 505
Erie, Pennsylvania 16501
Telephone:  (814) 870-1230
Facsimile: (814) 455-9438

ATTORNEY FOR DEFENDANT
CITY OF ERIE, PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        PLAINTIFF,<br><br>v.<br><br>CITY OF ERIE, PENNSYLVANIA,<br><br>        DEFENDANT. | Civil Action No. 04-4  Erie<br><br>JUDGE MCLAUGHLIN |

## **ORDER**

IT IS HEREBY ORDERED this _____ day of _____, 2006 that,

The Consent Decree agreed to and executed by plaintiff United States and defendant City of Erie, Pennsylvania is provisionally approved and entered by this Court.  Pursuant to the Consent Decree, a Fairness Hearing will be held on _____, 2006 at _____ in Courtroom A250, 2nd Floor, 17 South Park Row, Erie, Pennsylvania.

_____
SEAN J. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | |
| v. | CIVIL ACTION NO. 04-4   ERIE |
| CITY OF ERIE, PENNSYLVANIA, | JUDGE MCLAUGHLIN |
| DEFENDANT. | |

**CONSENT DECREE**

I.    **INTRODUCTION AND BACKGROUND**

1.    The United States brought this action against the City of Erie, Pennsylvania (the "City")

pursuant to Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e-6, et seq. ("Title VII"). In its Complaint, the United States alleged that, since at least

1996, the City had violated Title VII by using a particular physical agility test (the "PAT") to

screen  applicants for employment as entry-level police officers.  Specifically, the United States

alleged that the City's use of the PAT disproportionately excluded female applicants from

consideration for employment and was not job-related for the position in question and consistent

with business necessity.

2.    The Court bifurcated proceedings in this case into two phases, a liability phase and a

relief phase.

3.    On October 8, 2004, the Court granted partial summary judgment for the United States,

finding that the City's use of the PAT caused a disparate impact against female applicants for

the entry-level police officer position between 1996 and 2002, and, therefore, that the United

States had established a <u>prima</u> <u>facie</u> case.

4.      A bench trial regarding the remaining liability issues was held on March 7-10, 2005,

during which the City attempted to demonstrate that its use of the PAT was "job related for the

position in question and consistent with business necessity," as required by Title VII.  <u>See</u> 42

U.S.C. §2000e-2(k)(1)(A)(i).  On December 13, 2005, the Court issued Findings of Fact and

Conclusions of Law, determining that the City had failed to prove that its use of the PAT was

job related and consistent with business necessity and, accordingly, that the City's use of the

PAT violated Title VII.  On the same date, the Court entered judgment in favor of the United

States with respect to the City's liability under Title VII.

5.      The United States and the City now have agreed to enter into this Consent Decree to

resolve all relief phase issues without further contested litigation.  Subject to the Court's

approval of this Decree, the parties waive relief phase hearings and findings of fact and

conclusions of law.  The City also agrees that it shall not seek judicial appeal of any of the

findings and conclusions of this Court related to the City's liability under Title VII, including,

but not limited to, the Court's determination that the City's use of the PAT caused a disparate

impact against female applicants and that the City failed to establish that its use of the PAT was

job related and consistent with business necessity.  The parties agree that this Consent Decree

resolves all issues raised in the United States' Complaint, and is final and binding on the parties

and their officials, agents, employees and successors, and all persons acting on their behalf or in

active concert or participation with them.

        In resolution of this action, the United States and the City hereby AGREE to, and the

Court APPROVES, ENTERS and ORDERS, the following:

## II.    DEFINITIONS

6.      "Claimant" refers to an individual who satisfies the requirements for eligibility for remedial relief pursuant to Paragraph 18 of this Decree.

7.      "Claimant Eligible for Hiring Consideration" means a Claimant who, pursuant to Sections VII and VIII of this Decree, timely returns an Interest in Relief form, indicates on the form that she is interested in hiring relief and is listed on the Relief Awards List approved by the Court, following a Fairness Hearing on Individual Relief, as eligible for consideration for Priority Hire.

8.      "Date of entry" of the Decree refers to the date on which the Court orders entry of the Decree at or following a fairness hearing.

9.      "Day" or "days" refers to calendar, not business, days.

10.     "Retroactive seniority" refers to the seniority that a Claimant would have had if she had been hired as a result of the application process during which she took and failed the PAT. All retroactive seniority awarded pursuant to this Decree is seniority for all purposes, except for purposes of pension benefits, consideration or eligibility for promotion or requirements for completion of a probationary period.

11.     For purposes of Paragraphs 14 through 16 of this Decree, "use" of a physical ability test shall include, but not be limited to, making the completion of any training, course of study or process which includes a physical ability test a requirement for eligibility for, or hire into, an entry-level police officer position.

## III.   PURPOSES OF THIS DECREE

12.     The purposes of this Decree are to ensure that:

(a)      the City does not discriminate against women on the basis of their gender, in

3

violation of Title VII, in hiring entry-level police officers;

(b)    the City does not retaliate against individuals who complain of such

discrimination or who have participated in the investigation or litigation of this

case; and

(c)    individuals who were denied employment in the City's Bureau of Police as a

result of the City's unlawful use of the PAT obtain remedial relief, including, as

appropriate, backpay, an offer of employment and retroactive seniority.

## IV.    INJUNCTIVE RELIEF

13.    The City, its officials, agents, employees and successors, and all persons acting on their

behalf or in active concert or participation with them, shall not engage in any entry-level police

officer selection practice utilizing the PAT used by the City between 1996 and 2002.

14.    While this Consent Decree remains in effect, the City, its officials, agents, employees

and successors, and all persons acting on their behalf or in active concert or participation with

them, shall not use, in the selection of entry-level police officers, any physical ability test that

results in a disparate impact against female applicants and is not job related for the entry-level

police officer position and consistent with business necessity.  To that end, the City shall not

use, in the selection of entry-level police officers, any physical ability test without the prior

agreement of the United States or, absent such agreement, prior approval of the Court.

15.    If the City wishes to use any physical ability test to screen or select entry-level police

officers, other than the MPOETC test with the 30th percentile passing standard used at the time

of trial to determine eligibility for entry into the police academy, as set forth in Trial Exhibit HH

and referenced in the Court's Findings of Fact and Conclusions of Law at n.8, the City must so

notify the United States not less than one hundred twenty (120) days prior to the City's intended

4

use of the physical ability test. With the notice, the City must provide: a description of the physical ability test and the manner in which the City intends to use it; the known or likely disparate impact, if any, of the physical ability test; all evidence of the job relatedness or validity of the test available to the City; and any basis for a conclusion that the use of the test is job related and consistent with business necessity.

16.    If the United States has not agreed to the City's use of the physical ability test within sixty (60) days after receipt of notice of the City's intended use of the test pursuant to the preceding Paragraph, the City may apply to this Court for approval of its use of the test. The Court shall approve the City's use of the physical ability test only if the City establishes by a preponderance of the evidence that its use of the test is job related for the entry-level police officer position and consistent with business necessity.

17.    The City, its officials, agents, employees and successors, and all persons acting on their behalf or in active concert or participation with them, shall not discriminate or retaliate against any person because of his/her participation in the United States' investigation giving rise to this lawsuit, or any proceedings related to this lawsuit or arising under this Consent Decree, including, but not limited to, seeking or obtaining relief provided under this Consent Decree.

**V.    INDIVIDUAL RELIEF**

A.    <u>Individuals Eligible for Relief</u>

18.    Claimants who are eligible for relief under this Decree are all women who:

   (a)    applied for employment in an entry-level police officer position in the City of Erie Bureau of Police between January 1, 1996 and December 31, 2002; and

   (b)    failed the PAT at any time between January 1, 1996 and December 31, 2002.

A list of all such Claimants is set forth in Appendix A, attached hereto.

5

19.    A Claimant shall not be required to now express an interest in hiring relief or to accept a job offer in order to receive monetary relief under this Consent Decree.

B.    Monetary Relief

      1.    Deposit of the Settlement Fund

20.    The City shall provide the sum of One Hundred Seventy Thousand Dollars ($170,000) (the "Settlement Fund") in four installments, as described below, to be used to satisfy all monetary claims to be paid under this Consent Decree.  This amount represents backpay, less mitigation, plus the value of benefits and prejudgment interest.

21.    Within thirty (30) days after the date of entry of this Consent Decree, the City shall deposit the sum of Forty-Two Thousand Five Hundred Dollars ($42,500) into an account in a federally insured financial institution agreed to by the parties.

22.    Within fourteen (14) months after the date of entry of this Consent Decree, the City shall deposit an additional sum of  Forty-Two Thousand Five Hundred Dollars ($42,500) into the same account.

23.    Within twenty-six (26) months after the date of entry of this Consent Decree, the City shall make a third deposit of Forty-Two Thousand Five Hundred Dollars ($42,500) into the same account.

24.    Within thirty-eight (38) months after the date of entry of this Consent Decree, the City shall deposit a final sum of Forty-Two Thousand Five Hundred Dollars ($42,500) in the same account.

      2.    Monetary Relief Awards from the Settlement Fund

25.    The Settlement Fund, including any interest that accrues on the Settlement Fund, shall be distributed by the City at the direction of the United States, as provided in Section X of this Decree.  The amounts of monetary relief to be paid to individual Claimants by the City from the Settlement Fund shall be subject only to review by the Court.

26    The City shall pay all federal, state or local taxes or contributions that normally are paid by employers and that are due on any monetary relief award paid to a Claimant, including the appropriate employer's contributions to Medicare and the Social Security fund. No such taxes or contributions shall be deducted from either the Settlement Fund, the interest that accrues thereon or any Claimant's monetary relief award.

27.    The City shall, to the extent required by law, withhold from each Claimant's monetary relief award all appropriate federal and state income taxes and any other required employee withholdings or deductions. Such amounts shall be deducted by the City from each claimant's monetary relief award and shall be paid by the City from the Settlement Fund.

C.    Hiring Relief

1.    Definitions Regarding Priority Hiring

28.    In order for a hire to qualify as a Priority Hire under this Decree, the person hired must be a Claimant Eligible for Hiring Consideration who is hired after receiving an Offer of Priority Hire.

29.    An Offer of Priority Hire is made only when the City makes an offer of employment in the entry-level police officer position to a Claimant by certified mail (return receipt requested), indicating that the offer is being made pursuant to this Decree, that the Claimant to whom the offer is made will be entitled to retroactive seniority at the completion of her probationary period, and that the Claimant has at least fourteen (14) days from the date on which she receives the written offer to notify the City that she accepts the offer. In addition, an Offer of Priority Hire must state that, if the Claimant accepts the offer, the City will pay the Claimant as a police officer recruit during the period of any police academy training required for certification as a law enforcement officer by the Commonwealth of Pennsylvania and will pay the costs of such

7

training.

30.     Nothing in this Consent Decree precludes any Claimant from applying for hire or being hired as a police officer under the City's regular selection and hiring process.  However, a hire of a Claimant under the City's regular selection and hiring process shall not be counted toward the City's Priority Hiring requirement under this Decree.

2.     Priority Hiring Requirement

31.     The City shall make up to, but no more than, five (5) Priority Hires.

32.     The City shall not hire any person other than a Claimant Eligible for Hiring Consideration into an entry-level police officer position until:

(a)     five (5) Priority Hires have been made; or

(b)     after the date on which the group of Claimants Eligible for Hiring Consideration is exhausted.

For purposes of this Paragraph, recall by the City of a police officer who was laid off within one (1) year prior to the date of the Court's liability judgment (December 13, 2005) or was laid off in January 2006 as a result of the City's 2006 budget reduction of the police force shall not be deemed a hire.  The City may satisfy the priority hiring requirement of this Decree by hiring any five (5) Claimants Eligible for Priority Hire and is not require to consider such claimants in any particular order.

33.     The group of Claimants Eligible for Hiring Consideration shall be exhausted for purposes of the preceding Paragraph only when each Claimant Eligible for Hiring Consideration, as that term is defined in Paragraph 7 of this Decree:

(a)     has been hired as a Priority Hire; or

(b)     in writing has rejected an Offer of Priority Hire made by the City pursuant to this

8

Decree; or

(c)     has been agreed by the parties or determined by the Court to be currently

unqualified for the entry-level police officer position, using the lawful, objective

hiring criteria in use by the City at the time it evaluates the Claimant's

qualifications.

Regardless whether the City currently requires that individuals who apply for the entry-level

police officer position complete academy training and/or be certified by the Commonwealth of

Pennsylvania in order to be eligible to apply or be hired, a Claimant Eligible for Hiring

Consideration will not be deemed currently unqualified because she has not met such a training

or certification requirement.

34.     Within ten (10) days after the City has made a Priority Hire, the City shall notify the

United States of the identity of the Claimant hired.

35.     Within ten (10) days after the City receives from a Claimant a written rejection of an

Offer of Priority Hire made pursuant to this Decree, the City shall provide a copy of such

written rejection to the United States.

36.     Within ten (10) days after the City determines that any Claimant currently is unqualified

for the entry-level police officer position using the lawful, objective hiring criteria in use by the

City at the time it evaluates the Claimant's qualifications, the City shall: (a) so notify the United

States in writing; (b) provide a written statement of all reason(s) the Claimant currently is

unqualified; and (c) provide the information and documents (e.g., background investigation

reports, criminal history records, driving records, test scores, etc.) on which the City based its

determination.

37.     If the United States notifies the City that the United States wishes to interview any

9

official, agent or employee of the City involved in evaluating the qualifications of a Claimant

determined by the City to be currently unqualified, the City shall make such person available for

interview by the United States within ten (10) days.

38.     If the United States does not agree with the City's determination that a Claimant

currently is unqualified for the entry-level police officer position, the United States shall so

notify the City within sixty (60) days after the date on which it receives notice of the City's

determination.

39.     If the parties are unable to resolve a disagreement regarding a Claimant's current

qualification for the entry-level police officer position, either party may request that the Court

resolve the dispute.  In any proceedings regarding such a dispute, the City shall bear the burden

of proving that the Claimant currently is unqualified.

D.      Training and Certification of Priority Hires

40.     The City shall pay each Claimant hired as a Priority Hire as a police officer recruit

during the period of police academy training required for certification as a law enforcement

officer by the Commonwealth of Pennsylvania and shall pay the costs of such training and

certification.

E.      Remedial Seniority Relief

41.     On the date on which a Claimant hired as a Priority Hire pursuant to this Decree

completes her probationary period, the Claimant shall be credited with retroactive seniority in

the entry-level police officer position as of the date corresponding to her name on Appendix A

to this Decree.

## VI.    FAIRNESS HEARING ON CONSENT DECREE

A.    Request for Fairness Hearing on Consent Decree

42.    Upon execution of this Decree, the United States and the City shall file a joint motion for the provisional approval and entry of the Decree by the Court and shall request a Fairness Hearing to allow the Court to determine whether the terms of this Decree are fair, reasonable, equitable and otherwise consistent with federal law.  The Court shall provide the parties with at least ninety (90) days' notice of the date and time set for the Fairness Hearing on the Consent Decree.

43.    The purpose of the Fairness Hearing on the Consent Decree and related notification provisions of this Decree is to provide to all individuals whose identities are currently known to the parties who may be affected by the terms of the Decree notice and an opportunity to present objections prior to entry of the Decree, in accordance with Section 703(n) of Title VII, 42 U.S.C. §2000e-2(n).

B.    Notice of Fairness Hearing on Consent Decree

44.    No later than sixty (60) days prior to the Fairness Hearing on the Consent Decree, the City shall provide written notice of the Hearing and information concerning the manner in which objections to this Decree may be made, in the form set forth in Appendix B, as follows:

    (a)    by certified mail to the last known address of each Claimant listed on Appendix A to this Decree or such updated address as may be provided by the United States; and

    (b)    to all incumbents in sworn positions in the City of Erie Bureau of Police, by hand delivery at the place of employment of each such individual, or as an attachment to each such individual's regularly distributed paycheck information.

11

No later than fifty (50) days prior to the Fairness Hearing on the Consent Decree, the City shall provide to the United States a list of the individuals to whom notice was given pursuant to subpart (a) of this Paragraph, a copy of each certified mail receipt, and a list of the individuals to whom notice was provided pursuant to subpart (b) of this Paragraph.

45.    The City shall publish notice, in a form substantially similar to Appendix C, in the Wednesday, Friday and Sunday editions of The Erie Times-News. The published notice shall appear with a headline in bold typeface surrounded by a dark border, shall be no smaller than six (6) inches by ten (10) inches in size, and shall be placed in the local news section or other prominent location agreed to by the parties. All such newspaper notices shall be published for two (2) weeks concluding no later than four (4) weeks prior to the date set for the Fairness Hearing.

46.    No later than seven (7) days prior to the Fairness Hearing, the United States and the City shall file a response to any objections to the Consent Decree timely filed with the Court and timely served on the United States and the City as provided in Appendix B and Appendix C.

## VII.    DETERMINATION OF INDIVIDUAL RELIEF AWARDS

A.    <u>Notice to Claimants of Entry of Consent Decree</u>

47.    Within ten (10) days after the date of entry of this Consent Decree by the Court at or after the Fairness Hearing on the Consent Decree, the City shall send the following by certified mail (return receipt requested), to the last known address of each Claimant listed on Appendix A to this Decree:

    (a)    Process for Filing a Claim for Relief (as set forth as Appendix D); and

    (b)    Interest in Relief form (as set forth as Appendix E).

12

B.    Claimants to Submit Interest in Relief Forms

48.    Any Claimant who fails to submit a completed and signed Interest in Relief form to the United States within twenty-five (25) days after entry of the Consent Decree by the Court at or after the Fairness Hearing on the Consent Decree, absent a showing of good cause, shall be deemed to have waived any right to be considered for individual remedial relief under this Consent Decree.  The determination that a Claimant has shown good cause shall be within the sole discretion of the United States.

C.    United States to Determine Relief Awards

49.    Within sixty (60) days after the last date for submission of such forms by the Claimants, the United States shall file with the Court a Relief Awards List, indicating, for each Claimant:

     (a)    whether the Claimant has submitted a timely Interest in Relief form;

     (b)    whether the Claimant has indicated an interest in Priority Hire; and

     (c)    the nature and amount of relief which the United States has determined the Claimant should be awarded under this Decree.

The United States shall simultaneously serve a copy of the Relief Awards List on the City and provide to the City a copy of all Interest in Relief forms received by the United States.  The United States shall determine the amount of relief to be awarded under this Decree to each Claimant in a manner that is reasonable and equitable in relation to the Claimant population and the total amount of the Settlement Fund and that is consistent with the provisions of this Decree.

VIII.   FAIRNESS HEARING ON INDIVIDUAL RELIEF AWARDS

50.    Upon filing the Relief Awards List, the United States shall move the Court to hold a Fairness Hearing on Individual Relief.  The Court shall provide the parties with at least sixty (60) days' notice of the date and time set for the Fairness Hearing on Individual Relief.

13

51.     No later than forty-five (45) days before the date set for the Fairness Hearing on

Individual Relief, the United States shall notify each Claimant of the United States'

determination regarding the Claimant's eligibility for relief, the reason(s) for any determination

by the United States that the Claimant is not eligible for any relief sought by the Claimant and

the amount of the Claimant's monetary relief award, by letter in the form attached as Appendix

F.  The letter also will provide Claimants notice of the date, time and purpose of the hearing, as

well as instructions for filing an objection to the United States' relief determinations, in the

form attached as Appendix G.

52.     Claimants who object to the United States' proposed relief determinations may file

objections as follows:

      (a)     Objections must be returned by mail, postmarked no later than thirty (30) days

            prior to the date set for the Fairness Hearing on Individual Relief;

      (b)     Objections shall:  state the objector's name, address and telephone number; set

            forth a description of the objector's basis for disputing the United States' relief

            determination; include copies of any documentation supporting the objections;

            state the name and address of the objector's counsel, if any; and state whether the

            objector wishes the opportunity to be heard in court at the Fairness Hearing on

            Individual Relief.

      (c)     Objections shall be submitted by filing the original with the Court at the

            following address:

                      Clerk of the United States District Court for the
                        Western District of Pennsylvania
                      Erie Division
                      17 South Park Row
                      Erie, Pennsylvania 16501

(d)    Objectors also must mail a copy of any objection to the United States

Department of Justice and the City at the following addresses:

> Erie Police Settlement Team
> Employment Litigation Section
> Civil Rights Division
> U.S. Department of Justice
> 950 Pennsylvania Ave., NW
> Washington, D.C.  20530
>
> Office of the City Solicitor
> 626 State Street, Room 505
> Erie, Pennsylvania 16501

53.    No later than seven (7) business days prior to the date set for the Fairness Hearing on

Individual Relief, the United States and the City shall file with the Court a reply to each timely

objection made by a Claimant.

54.    If the City disagrees with the United States' determination that a Claimant is eligible for

consideration for Priority Hire, no later than thirty (30) days prior to the date set for the Fairness

Hearing on Individual Relief the City shall file with the Court an objection stating all grounds

for the City's contention that the Claimant is not eligible for such relief and identifying all

documents relating to the City's contention and all witnesses with knowledge of facts

supporting the City's contention.   On the same date, the City shall serve a copy of the objection

on the United States along with a copy of all documents relating to the City's contention that the

Claimant is not eligible for hiring relief.   In addition, the City shall make available for

interview or deposition all officials, agents and employees of the City with knowledge of facts

supporting the City's contention within seven (7) days after the United States so requests.

55.    At or following the Fairness Hearing on Individual Relief, the Court shall determine

which, if any, objections to the United States' relief determinations, as stated in the Relief

Awards List, are well-founded. The Court shall then approve the Relief Awards List as submitted or, if the Court finds that any objection(s) are well-founded, shall amend it to adjust the amount and nature of the relief to be awarded to the Claimants consistent with such finding, while maintaining, to the extent possible, the proportionate shares of the Settlement Fund awarded to all other Claimants. The Court shall find that any objection regarding the amount of monetary relief to be awarded to a Claimant is well-founded only if the amount is not reasonable and equitable in relation to the Claimant population and the total amount of the Settlement Fund. The Court shall find that any objection, including any objection made by the City, regarding a Claimant's eligibility for consideration for Priority Hire is well-founded only if the objector(s) prove by a preponderance of the evidence that, at the time she failed the PAT, the Claimant was not qualified for the position of entry-level police officer in the City's Bureau of Police using the lawful, objective hiring criteria in use by the City at that time, for reasons including, but not necessarily limited to, the Claimant's medical background, psychological background or criminal history.

## IX.    ACCEPTANCE OF MONETARY RELIEF AND RETURN OF RELEASE

56.    No later than thirty (30) days after the Court approves or adjusts the Relief Awards List at or following the Fairness Hearing on Individual Relief, the United States shall mail, by certified mail (return receipt requested), to each Claimant entitled to individual relief as stated in the Relief Awards List, at her last known address a notice which shall include:

    (a)    a statement of the amount of the monetary relief awarded the Claimant;

    (b)    an explanation of the time limit for acceptance of the monetary relief award;

    (c)    a release form as described in the following Paragraph of this Decree; and

    (d)    any withholding forms that the City deems necessary to comply with its

16

withholding obligations under law.

With each notice the United States shall include a stamped return envelope addressed to:

> Erie Police Settlement Team
> Employment Litigation Section
> Civil Rights Division
> U.S. Department of Justice
> 950 Pennsylvania Ave., NW
> Washington, D.C.  20530

57.　　As a condition for the receipt of a monetary relief award, each Claimant otherwise entitled to monetary relief as stated on the Relief Awards List approved by the Court shall be required to execute a copy of the release form set forth in Appendix H and return it to the United States no later than sixty (60) days after the Court approves the Relief Awards List.  The date of return to the United States shall be the date of receipt by the United States of the executed release form.  A failure to accept a monetary relief award and to return the release and withholding forms within the time allowed, absent a showing of good cause, shall constitute a rejection of the offer of monetary relief and shall release the United States and the City from any further obligation under this Decree to make a monetary relief award to that Claimant.  The determination that a Claimant has shown good cause shall be within the sole discretion of the United States.  Any amount of monetary relief which otherwise would be due under this Decree to a Claimant who, without good cause, fails to timely return the release and withholding forms shall remain in the Settlement Fund and be distributed by the City as directed by the United States as part of the Final Distribution, pursuant to Paragraph 64 of this Decree.

## X.　　PAYMENT OF MONETARY RELIEF

A.　　<u>Annual Distributions to Claimants</u>

58.　　No later than thirty (30) days after the time for return of the release and withholding

forms by the Claimants, the United States shall forward to the City all executed release and withholding forms it receives, and shall direct the City to distribute 1/4 of the total amount of the Settlement Fund.

59.     No later than thirty (30) days after the United States directs the City, pursuant to the preceding Paragraph, to make a distribution from the Settlement Fund, the City shall send by certified mail, return receipt requested, a first set of monetary relief award checks to the Claimants as directed by the United States.  A check shall be made payable to each Claimant entitled to monetary relief in the amount of 1/4 of the amount set forth for that Claimant on the Relief Awards List approved by the Court, less appropriate employee withholdings and deductions pursuant to Paragraph 27 of this Decree.  One (1) year, two (2) and three (3) years after the City mails the first set of monetary relief award checks, the City shall distribute, respectively, a second, third and fourth set of monetary relief award checks in the same manner. Each distribution shall total 1/4 of the Settlement Fund.

60.     Within five (5) days after each distribution from the Settlement Fund, the City shall provide to the United States a statement, indicating the amount paid to each Claimant, as well as the amounts withheld from each Claimant's monetary award, and a copy of each monetary relief award check.

61.     Sixty (60) days prior to the second distribution of monetary relief from the Settlement Fund, again sixty (60) days prior to the third distribution, and again sixty (60) days prior to the fourth distribution, the City shall notify the United States in writing whether any monetary award checks from the prior distribution were returned undeliverable or otherwise were not cashed and, if so, of the name and last known address of each Claimant to whom such a check was made payable.

B.    Monetary Relief Due to Deceased Claimants

62.    The monetary relief due to any Claimant who dies after timely submitting a completed Interest in Relief form shall be paid as directed by the United States and approved by the Court.

C.    Final Accounting and Distribution

63.    Within sixty (60) days after the City mails the fourth set of monetary relief award checks, the City shall file with the Court and serve on the United States a written report, which shall set forth: the total amount of monetary relief provided to each Claimant; the amount of funds remaining in the Settlement Fund account; and the amount of each monetary relief award check that was returned to the City undeliverable, and the name and last known address of the Claimant to whom each such check was payable.

64.    Within sixty (60) days after the City files the report required by the preceding Paragraph, the United States shall direct the City to distribute the remaining funds in a manner consistent with the purposes of this Decree. Within thirty (30) days thereafter, the City shall make a Final Distribution, distributing the remaining funds to Claimants as directed by the United States. Any funds remaining in the account sixty (60) days after the Final Distribution shall revert to the City.

**XI.    DISPUTE RESOLUTION**

65.    The parties shall attempt to resolve informally any dispute that may arise under this Decree. If the parties are unable to resolve the dispute expeditiously, any party may move the Court for a resolution of the disputed issue.

**XII.    RECORD RETENTION**

66.    The City shall retain all of the following records (including those in electronic form) during the term of this Decree:

19

(a)     all applications for entry-level police officer positions in the City's Bureau of

Police, as well as all documents related to the screening or evaluation of

applicants and selection of entry-level police officers;

(b)     all documents relating to written or verbal complaints made by any person or

organization regarding:  (i) discrimination in hiring of police officers on the basis

of gender; or (ii) retaliation for complaining of or participating in any

proceedings involving a complaint of such discrimination;

(c)     all documents relating to the evaluation of any Claimant for Priority Hire

pursuant to this Decree; and

(d)     all other documents relating to the City's compliance with the requirements of

this Decree, including but not limited to documents relating to the payment or

award of individual relief to any Claimant under this Decree.

## XIII.  COMPLIANCE MONITORING

67.     The United States may review the City's compliance with this Decree at any time.  Upon

fifteen (15) days written notice to the City, without further order of this Court, the United States

shall have the right to inspect and copy any documents that are relevant to the City's

compliance with this Decree, including, but not limited to, those retained pursuant to Paragraph

66, above.

## XIV.  RETENTION OF JURISDICTION AND DURATION OF DECREE

68.     The Court shall retain jurisdiction over this Decree for the purpose of resolving any

disputes or entering any orders that may be appropriate to implement the Decree.

69.     This Consent Decree shall be dissolved and this action shall be dismissed, without

further order of the Court, upon the occurrence of the later of the following two events:

20

(a)    the passage of four (4) years from the date of entry of this Decree;

(b)    the fullfillment of all Individual Relief provisions contained in Section V of this

Decree.

## XV.    COSTS AND FEES

70.    The parties shall bear their own costs and attorney's fees in this action, including any

costs or fees incurred to comply with the terms of this Decree, except that the parties shall retain

the right to seek costs for any matter which, in the future, may arise under this Decree and

require resolution by the Court.

## XVI.    MISCELLANEOUS

71.    Except for objections pursuant to Paragraph 52, above, all documents required to be

delivered under this Decree to the United States by the City shall be sent to the attention of:

> Chief, Employment Litigation Section
> U.S. Department of Justice
> Civil Rights Division
> Employment Litigation Section–PHB 4040
> 950 Pennsylvania Ave., NW
> Washington, D.C.  20530

72.    Any documents required to be delivered under this Decree to the City shall be sent to the

attention of:

> Office of the City Solicitor
> 626 State Street, Room 505
> Erie, Pennsylvania 16501

PROVISIONALLY APPROVED subject to the fairness hearing this _____ day of

_____, 2006.

_____
UNITED STATES DISTRICT JUDGE

21

APPROVED and ORDERED this _____ ay of _____ 2006.

_____
UNITED STATES DISTRICT JUDGE

**AGREED AND CONSENTED TO:**

**For plaintiff United States of America:**

WAN J. KIM
Assistant Attorney General
Civil Rights Division

By:

_____
DAVID J. PALMER
Chief

_____
JOHN M. GADZICHOWSKI
Principal Deputy Chief

SHARON A. SEELEY
CLARE GELLER
Attorneys

U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
PHB 4040
950 Pennsylvania Ave., NW
Washington, D.C. 20530
(202) 514-4761 - telephone
(202) 514-1105 - facsimile

**For defendant City of Erie:**

_____
GREGORY A. KARLE, ESQ.
City Solicitor
GERALD J. VILLELLA, ESQ.
KENNETH A. ZAK, ESQ.
Assistant City Solicitors

Office of the City Solicitor
626 State Street, Room 505
Erie, Pennsylvania 16501
(814) 870-1235 - telephone
(814) 455-9438 - facsimile

22

APPENDIX A

| LAST NAME | FIRST NAME | |
|---|---|---|
| | | |
| **2002** | | |
| | | |
| Sherrod (Battles) | Trelane | August 27, 2002 |
| Brophy | Shannon | August 27, 2002 |
| Chase | Dawn | August 27, 2002 |
| Frey | Cheryl | August 27, 2002 |
| Harris | Joanne | March 3, 1999 |
| Heatherdale | Shannon | August 27, 2002 |
| Hernandez | Marsha | August 27, 2002 |
| Hedlund-Jackula | Amber | August 27, 2002 |
| Knepper | Jeannine | August 27, 2002 |
| Lewis | Jamie Lynne | August 27, 2002 |
| Luke | Marcie | August 27, 2002 |
| Morris | Dorcas Ann | August 27, 2002 |
| Rodgers | Sue Yong | March 2, 2001 |
| Schmeisser | Mary | March 3, 1999 |
| Sidun-Lego | Cheryl | March 3, 1999 |
| Widomski | Heather | August 27, 2002 |
| | | |
| **2000** | | |
| | | |
| Abreu | Brenda | March 2, 2001 |
| Angelo | Stacy | March 2, 2001 |
| Cooper | Sabrina | March 2, 2001 |
| Crissman | Bertha | March 2, 2001 |

| | | |
|---|---|---|
| Devlin | Heather | March 2, 2001 |
| Dudics | Julia | March 2, 2001 |
| Flak-Boyajian | Dawn | March 2, 2001 |
| Gibbs | Fatima | March 2, 2001 |
| Hagerty | Aubrea | March 2, 2001 |
| Hall | Melissa | March 2, 2001 |
| Hayes | Lisa Marie | March 2, 2001 |
| Karuba | Audrey | March 2, 2001 |
| Kinder | Samantha | March 2, 2001 |
| Lococo | Maria | March 2, 2001 |
| Lolley | Corrina | March 2, 2001 |
| Marshall | Kathy | March 2, 2001 |
| McConahy Nicholson | Carrie | March 3, 1999 |
| Petrick | Tricia | March 2, 2001 |
| Pollock | Stacy | March 8, 1997 |
| Ponting | Amanda | March 2, 2001 |
| Quinones | Luz | March 2, 2001 |
| Roberts | Tabitha | March 2, 2001 |
| Rodgers | Sue Yong | March 2, 2001 |
| Santey Geeting | Tammy | March 2, 2001 |
| Schmeisser | Mary | March 3, 1999 |
| Still | Tamilyn | March 2, 2001 |
| Sul | Elizabeth | March 2, 2001 |
| Thompson | Mae | March 2, 2001 |
| Thompson | Zabrina | March 2, 2001 |
| Veshecco Meyer | Natalie | March 2, 2001 |
| | | |

2

| 1998 | | |
|---|---|---|
| | | |
| Bradley | Nicole | March 3, 1999 |
| Dunkle | Heather | March 3, 1999 |
| Edelmann | Susan | March 3, 1999 |
| Harris | Joanne | March 3, 1999 |
| Hopkins | Kimberly | March 3, 1999 |
| Lindner | Stephanie | March 3, 1999 |
| Lorie | Kristin | March 3, 1999 |
| McConahy Nicholson | Carey | March 3, 1999 |
| Nicholas | Kimberly | March 3, 1999 |
| Osterberg | Denise | March 3, 1999 |
| Peters | Linda | March 3, 1999 |
| Romigh | Megan | March 3, 1999 |
| Schmeisser | Mary | March 3, 1999 |
| Sidun-Lego | Cheryl | March 3, 1999 |
| Stoops | Kimberly | March 3, 1999 |
| Waite | Emily | March 3, 1999 |
| Weislogel (Downing) | Darlene | March 3, 1999 |
| | | |
| 1996 | | |
| | | |
| Agnello Peterson | Michele | March 8, 1997 |
| Chapman Coleman | Natalie | March 8, 1997 |
| Curtis | Maryann | March 8, 1997 |
| Feltyn | Amy Lynne | March 8, 1997 |
| Fuller (Jaramillo) | Deborah Lee | March 8, 1997 |

3

| | | |
|---|---|---|
| Gamble | Luvennise | March 8, 1997 |
| Garcia | Judith | March 8, 1997 |
| Hansen Smith | Heidi A. | March 8, 1997 |
| Harris | Nina | March 8, 1997 |
| Hetrick | Joyce | March 8, 1997 |
| Hoover | Michelle | March 8, 1997 |
| Jones | Barbara | March 8, 1997 |
| Koenig | Venus | March 8, 1997 |
| Lagan Mazur | Jennifer | March 8, 1997 |
| Machalinski | Marlo Marie | March 8, 1997 |
| Mills | Linda | March 8, 1997 |
| Morgan | Jessica Dawn Marie | March 8, 1997 |
| Pollock | Stacy | March 8, 1997 |
| Rosas | Yolanda | March 8, 1997 |
| Runstedler | Jennifer | March 8, 1997 |
| Santiago | Mary Ann | March 8, 1997 |
| Sauro | Christine | March 8, 1997 |
| Sessaman | Crystal | March 8, 1997 |
| Staszewski Moubarak | Jennifer T. | March 8, 1997 |
| Stover | Carla | March 8, 1997 |
| Tate | Ebony | March 8, 1997 |
| Wingerter O'Laughlin | Teresa | March 8, 1997 |
| | | |
| | | |

**APPENDIX B**

**NOTICE OF SETTLEMENT AND FAIRNESS HEARING**

On __[insert date]__, the United States and the City of Erie, Pennsylvania executed a settlement of a lawsuit filed by the United States in 2004 in the federal District Court for the Western District of Pennsylvania.  In the lawsuit, the United States alleged that Erie engaged in employment practices that violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII") by excluding women from consideration for hire as police officers in the Erie Bureau of Police.  Specifically, the United States alleged that the Erie's use of a particular physical agility test (the "PAT") from 1996 through 2002 disproportionately excluded female applicants from employment as police officers and was not job related and consistent with business necessity as required by federal law.

In December 2005, the federal court ruled that the Erie's use of the PAT between 1996 and 2002 violated the law as alleged by the United States.  In that ruling, the court did not determine the nature and amount of relief that the City will be required to provide.  In the interest of efficiently resolving this matter and to promote the purposes of Title VII, the United States and the City of Erie have reached an agreement regarding the relief the City will provide and voluntarily entered into a "Consent Decree" settling the lawsuit.

The terms of settlement include an agreement by the City that it will not use the unlawful PAT and will obtain approval from the United States or the Court before using other physical agility tests.  In addition, the City has agreed to consider women who failed the unlawful PAT between 1996 and 2002 for possible employment as police officers if they meet current lawful requirements for the position.  If hired, these individuals could be awarded a retroactive seniority date based on the date on which they took the PAT.  The City also has agreed to provide a total of $195,000 in monetary relief to be distributed among women who were adversely affected by the City's unlawful use of the PAT between 1996 and 2002.

The court provisionally entered the Consent Decree on __[INSERT DATE]__, 2006.  The parties have requested that the court hold a "Fairness Hearing" to determine whether the terms of the Consent Decree are fair, reasonable, equitable and otherwise consistent with federal law.

The Fairness Hearing will be held on __[INSERT DATE]__, at the federal district courthouse located at __[INSERT SPECIFIC ADDRESS]__.  **You have the right to attend this Fairness Hearing.**

In addition, **you have the right to file with the court a written objection** to any of the terms of the Consent Decree that you believe are unfair or unlawful.  Copies of the Consent Decree are available from the City of Erie offices located at __[INSERT ADDRESS]__.

Instructions for filing an objection are enclosed with this notice.  **Making an objection is voluntary, but if you do not object at this time, you may be prohibited from taking any action against this Consent Decree in the future.**

## INSTRUCTIONS FOR FILING AN OBJECTION
## PRIOR TO THE FAIRNESS HEARING

1.  If you believe the terms of the Consent Decree are unfair, unreasonable or unlawful, you may object to its final entry by the Court. **Making an objection is voluntary, but if you do not object at this time, you may be prohibited from taking any action against the Consent Decree in the future.** If you decide to object, you must follow the instructions set out on this page. If you choose to object, the judge will consider your objection before deciding whether to give final approval to the terms of the Consent Decree.

2.  **All objections must be postmarked by   [INSERT DATE]  . If your objection is not postmarked by this date, your objection may not be considered and you may be prohibited from objecting at a later time.**

3.  **All objections must be made in writing.** Your objection should be made on the attached form, showing the caption of the case. You must fill out this page completely. You must include a description of the basis of your objection. You may attach additional pages to the caption page/form if necessary. If you have retained an attorney to assist you in this matter, indicate with your objection the name, address and phone number of your attorney.

4.  You must submit one copy of your objection to **each** of the following addresses:

    1)   Clerk of the United States District Court for
          the Western District of Pennsylvania
          **[INSERT ADDRESS]**

    2)   City of Erie Police Settlement Team
          Employment Litigation Section
          Civil Rights Division
          U.S. Department of Justice
          **[INSERT ADDRESS]**

    3)   City of Erie, Pennsylvania
          **[INSERT ADDRESS]**

5.  The court will hold the Fairness Hearing on   **[INSERT DATE]**  , 2006 at the federal district courthouse located at   **[INSERT SPECIFIC ADDRESS]**  . You may attend this hearing if you wish, but need not attend in order to have the Court consider any written objections you submit.

6.  If you have any questions concerning the procedure to submit an objection, you may consult with an attorney of your own choosing and at your own expense, or you may call the Employment Litigation Section of the Civil Rights Division of the U.S. Department of Justice at 1-800-____  [INSERT NUMBER]  . If you do call this number, please leave your name, social security number, telephone number and a time when you can be reached. Your call will be returned as soon as possible.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | CIVIL ACTION NO. 04-4 |
| v. | JUDGE MCLAUGHLIN |
| THE CITY OF ERIE, PENNSYLVANIA, | |
| DEFENDANT. | |

## OBJECTION TO THE ENTRY OF THE CONSENT DECREE

I am objecting to the terms of settlement of this case included in the Consent Decree agreed to by the United States and the City of Erie.

Name: _____     Social Security Number: _____

Other name(s) used: _____
_____

Address: _____     Telephone: _____
_____
_____

Basis of my objection: _____
_____
_____

Are you requesting the opportunity to state your objection in person at the Fairness Hearing?

[ ] Yes      [ ] No

YOU MAY USE ADDITIONAL PAGES TO EXPLAIN THE BASIS OF YOUR OBJECTION IF NECESSARY. **YOU MUST SEND ONE COPY OF YOUR OBJECTION TO THE CLERK OF THE COURT, ONE COPY TO THE DEPARTMENT OF JUSTICE AND ONE COPY TO THE CITY AT THE ADDRESSES PROVIDED IN THE INSTRUCTIONS.**

<u>Letter to Applicants</u>

Re:  <u>United States v.  City of Erie, Pennsylvania</u>, Civ. Action No. 04-4 (W.D. Pa.)


Dear _____:

      Our records indicate that you took the physical agility test for the entry-level police officer position with the City of Erie Bureau of Police between 1996 and 2002.  This letter is to notify you of a settlement of a civil lawsuit between the United States and the City of Erie which may affect you.

      Enclosed please find a document entitled "**<u>NOTICE OF SETTLEMENT AND FAIRNESS HEARING</u>**".  This document describes the lawsuit and the terms of the settlement.  In addition, the document provides the time and place of a Fairness Hearing regarding the settlement and tells you how to make an objection to the terms of the settlement if you choose to do so.  Additional instructions and an objection form also are enclosed.  **Please read the documents carefully as your rights may be affected.**

      If you are a woman who took the physical agility test administered by the City of Erie between 1996 and 2002 as part of its police officer application and selection process, you may be eligible for monetary relief and possible priority consideration for hire as an Erie police officer.  If the Court approves the settlement of this case after the Fairness Hearing, you will be contacted about how you may submit a claim for such relief.  You do not need to do anything at this time to establish eligibility for relief.

                  Sincerely,


                  City of Erie, Pennsylvania


Enclosures

<u>Letter to Incumbents</u>

Re:  <u>United States v.  City of Erie, Pennsylvania</u>, Civ. Action No. 04-4 (W.D. Pa.)


Dear _____:

      This letter is to notify you of a settlement of a civil lawsuit between the United States and the City of Erie.

      Enclosed please find a document entitled "**<u>NOTICE OF SETTLEMENT AND FAIRNESS HEARING</u>**".  This document describes the lawsuit and the terms of the settlement.  In addition, the document provides the time and place of a Fairness Hearing regarding the settlement and tells you how to make an objection to the terms of the settlement if you choose to do so.  Additional instructions and an objection form also are enclosed.  **Please read the document carefully as your rights may be affected.**

                         Sincerely,



                         City of Erie, Pennsylvania


Enclosures

**APPENDIX C**

**WOMEN WHO APPLIED TO BE POLICE OFFICERS**
**MAY BE ENTITLED TO MONETARY RELIEF AND JOB OFFERS**

In December 2005, the federal District Court for the Western District of Pennsylvania ruled that the City of Erie, Pennsylvania's use of a particular physical agility test to screen applicants for police officer positions violated federal law. In a lawsuit filed by the United States in 2004, the court found that the test disproportionately excluded female applicants from employment as police officers between 1996 and 2002 and was not job related and consistent with business necessity as required by federal law.

On **[INSERT DATE]**, the United States and the City of Erie executed a "Consent Decree" settling the lawsuit. Under the terms of the settlement, women who applied for employment as police officers in the City of Erie and failed the physical agility test administered by the City between 1996 and 2002 may be entitled to relief. The relief may include a share of a Settlement Fund totaling $195,000. In addition, women who failed the test between 1996 and 2002 may be eligible for an offer of employment as a police officer if they meet current lawful requirements for the position. If hired, these individuals could be awarded a retroactive seniority date based on the date on which they originally applied and took the physical agility test.

The United States and the City have identified those women who failed the physical agility test between 1996 and 2002 from application materials maintained by the City. However, the parties have been unable to locate some of these women due to changes of address, telephone number or name.

If you are a woman or know a woman who applied to be a City of Erie police officer and failed the physical agility test between 1996 and 2002 and you have not been contacted by the United States regarding the settlement, please:

**Call the Employment Litigation Section of the Civil Rights Division of the Department of Justice at 1-800-_____ before   [insert date]   .**

**Leave your name, address and telephone number and a time when you can be reached.**

Your call will be returned as soon as possible. If you are a woman who may be eligible for relief under the settlement, you will receive information regarding the settlement and your right to object to the terms of the settlement and to attend a "Fairness Hearing" which will be held on _ **[insert date]**   , at the federal district courthouse located at   **[insert specific address]**   , to determine whether the terms of the Consent Decree are fair, reasonable, equitable and otherwise consistent with federal law.

## APPENDIX D

## PROCESS FOR FILING A CLAIM FOR RELIEF

On __[INSERT DATE]___, the Consent Decree previously executed by the United States and the City of Erie, Pennsylvania was entered by the federal District Court for the Western District of Pennsylvania. The Consent Decree settles the lawsuit brought by the United States in 2004 alleging that the City violated federal law by using a physical agility test that disproportionately screened out female applicants for employment as police officers with the City of Erie Bureau of Police.

Under the terms of the Consent Decree, the City must distribute a total of $195,000 to women who suffered monetary losses due to the City's unlawful use of the physical agility test between 1996 and 2002. In addition, women who failed the test between 1996 and 2002 may be eligible for an offer of employment as an Erie police officer if they meet current lawful requirements for the position. If hired, these individuals could be awarded a retroactive seniority date based on the date on which they failed the unlawful physical agility test.

**You have been identified by the parties as an individual who may be eligible for monetary and/or hiring relief**. You may apply for monetary and hiring relief if: (1) you are a woman; (2) you applied to be an entry-level police officer with the City of Erie; and (3) you failed the physical agility test the City administered as part of its police officer selection process between 1996 and 2002.

If you believe you are entitled to relief and wish to request hiring and/or monetary relief under the terms of the settlement, you should fill out the Interest in Relief form enclosed with this notice and **return it by mail no later than** __[INSERT DATE]___ addressed to:_[INSERT ADDRESS]_

If you have any questions about how to submit a claim for relief under the settlement, you may consult with an attorney of your own choosing and at your own expense, or you may call the Employment Litigation Section of the Civil Rights Division of the Department of Justice at 1-800-_____. If you do call this number, please leave your name, social security number, address and telephone number and a time when you can be reached. Your call will be returned as soon as possible.

MAILING THE CLAIM FORM BY __[INSERT DATE]___, DOES NOT GUARANTEE THAT YOU ARE ENTITLED TO OR WILL RECEIVE ANY RELIEF. HOWEVER, **IF YOU FAIL TO FILE AN INTEREST IN RELIEF FORM BY THIS DATE, YOU MAY BE BARRED FROM OBTAINING RELIEF.**

APPENDIX E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | CIVIL ACTION NO. 04-4 |
| v. | JUDGE MCLAUGHLIN |
| THE CITY OF ERIE, PENNSYLVANIA, | |
| DEFENDANT. | |

## INTEREST IN RELIEF FORM

I am interested in obtaining relief under the Consent Decree agreed to by the United States and the City of Erie and entered by the Court in the above-captioned case. By signing and returning this form, I certify that: (1) I applied for a job as a police officer in the City of Erie Bureau of Police between 1996 and 2002; and (2) on at least one occasion between 1996 and 2002, I took and failed the physical agility test administered by the City as part of its police officer selection process.

Name: _____      Social Security Number: _____

Other name(s) used: _____      Address:      _____
_____                                _____
                                                          _____
Telephone: _____

I wish to be considered to receive the following forms of relief :

[ ] Monetary relief      [ ] Hiring relief      [ ] None

I understand that, if I have indicated above that I wish to be considered for monetary relief, information regarding my work history and earnings may be requested, and I may be required to provide such information. I understand that, if I have indicated above that I wish to be considered for hiring relief, I may be required to participate and cooperate in lawful selection procedures used by the City (such as a background investigation, medical examination, psychological examination, etc.) to remain eligible for hiring relief under the Consent Decree.

Dated: _____      Name: _____

**APPENDIX F**

<u>Letter to Applicants</u>

Re:  <u>United States v.  City of Erie, Pennsylvania</u>, Civ.  Action No. 04-4 (W.D. Ps.)

Dear _____:

Enclosed please find a document entitled "**NOTICE OF FAIRNESS HEARING ON INDIVIDUAL RELIEF**".  This document describes the relief available under the terms of the Consent Decree entered by the Court in <u>United States v.  City of Erie, Pennsylvania</u>, Civ.  Action No. 04-4 (W.D. Pa.) and the requirements for eligibility to receive such relief.

As described below, the United States has made certain determinations concerning your eligibility for relief under the terms of the Consent Decree.  **Please read the following very carefully.**

1.      The United States has made a preliminary determination that you [ ] are [ ] are not eligible for an award of monetary relief and that you should receive three installments of at least $_____ each.

2.      The United States has made a preliminary determination that you [ ] are [ ] are not eligible to be considered for hiring relief.  This does not insure that you will be hired by the City. However, if you are hired pursuant to the Consent Decree and complete training and a probationary period, you will be given a seniority date of _____.

3.      To the extent that the United States has determined that you are not eligible for an award of monetary relief or has determined that you are not eligible to be considered for hiring relief, the reason(s) for this determination are:

_____
_____
_____

In addition to the determinations indicated above, the United States has made preliminary determinations regarding the nature and amount of relief that each of the other individual who submitted an Interest in Relief form should receive under the Consent Decree.  The United States will ask the Court to approve all of the United States' determinations at a **Fairness Hearing on Individual Relief** which will be held on  **[insert date]**__, at the federal district courthouse located at __**[insert specific address]**__.  At or after the Fairness Hearing on Individual Relief, the Court may approve the United States' determinations or may adjust them with respect to you and/or other claimants under the procedures set forth in the Consent Decree.

If you wish to object to the United States' preliminary determinations in any respect, you must take action, as explained in the enclosed "**INSTRUCTIONS FOR FILING AN OBJECTION TO INDIVIDUAL RELIEF**."  You may request an opportunity to be heard at the

Fairness Hearing, but you do not need to appear at the Fairness Hearing in order for the Court to consider your objections.

Sincerely,

Employment Litigation Section
Civil Rights Division
United States Department of Justice

Enclosures

**APPENDIX G**

**INSTRUCTIONS FOR FILING AN OBJECTION TO INDIVIDUAL RELIEF**

1.   If you wish to object in any respect to the United States' preliminary determinations regarding the relief to which you are entitled under the Consent Decree, you must do so in the manner described below. **Making an objection is voluntary, but if you do not object at this time, you may be prohibited from objecting in the future.** If you choose to make an objection, the judge will consider your objection before deciding whether or not to approve the types and amounts of relief to be provided to you and other individuals under the Consent Decree.

2.   **All objections must be returned by   [INSERT DATE]  .  If your objection is not postmarked by this date, your objection may not be considered and you may be prohibited from objecting at a later time.**

3.   **All objections must be made in writing.** Your objection should be made on the attached form, showing the caption of the case. You must fill out this form page completely. You must include a description of the nature and basis of your objection. If you have retained an attorney to assist you in this matter, please indicate with your objection the name, address and phone number of your attorney. You may attach additional pages to the form if necessary.

4.   You must submit one copy of your objection to each of the following addresses:

     1)   Clerk of the United States District Court for
           the Eastern District of Virginia
           **[INSERT ADDRESS]**

     2)   Delaware State Police Settlement Team
           Employment Litigation Section
           Civil Rights Division
           U.S. Department of Justice
           **[INSERT ADDRESS]**

     3)   City of Erie, Pennsylvania
           **[INSERT ADDRESS]**

5.   The court will hold the Fairness Hearing on Individual Relief on   **[INSERT DATE]**   at the federal district courthouse located at   **[INSERT ADDRESS]**  . You may attend this hearing if you wish, but need not attend the hearing in order to have the Court consider any written objections you submit.

6.   If you have any questions concerning the procedure for submitting an objection, you may consult with an attorney of your own choosing and at your own expense, or you may call the Employment Litigation Section of the Civil Rights Division of the Department of Justice at 1-800-   **[INSERT NUMBER]**  . If you do call this number, please leave your name, address, and telephone number and a time when you can be reached. Your call will be returned as soon as possible.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | CIVIL ACTION No. 04-4 |
| V. | JUDGE MCLAUGHLIN |
| THE CITY OF ERIE, PENNSYLVANIA, | |
| DEFENDANT. | |

## OBJECTION TO UNITED STATES' DETERMINATION REGARDING INDIVIDUAL RELIEF TO BE AWARDED UNDER THE CONSENT DECREE

I am objecting to the United States' determinations regarding the relief to which I am entitled under the Consent Decree.

Name: _____

Address: _____
_____
_____

Telephone: _____

Nature and basis of my objection:_____
_____
_____
_____

**YOU MUST ATTACH A COPY OF ANY DOCUMENTATION
THAT YOU HAVE THAT SUPPORTS YOUR OBJECTIONS**

Are you requesting the opportunity to state your objection in person at the Fairness Hearing on Individual Relief?

[ ] Yes      [ ] No

YOU MAY USE ADDITIONAL PAGES TO EXPLAIN THE BASIS OF YOUR OBJECTION IF NECESSARY. **YOU MUST SEND ONE COPY OF YOUR OBJECTION TO THE CLERK OF THE COURT, ONE COPY TO THE DEPARTMENT OF JUSTICE AND ONE COPY TO THE CITY AT THE ADDRESSES PROVIDED IN THE INSTRUCTIONS.**

**YOUR OBJECTIONS MUST BE POSTMARKED BY   [INSERT DATE]  .**

## APPENDIX H

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | CIVIL ACTION NO. 04-4 |
| v. | JUDGE MCLAUGHLIN |
| THE CITY OF ERIE, PENNSYLVANIA, | |
| DEFENDANT. | |

### ACCEPTANCE OF RELIEF AWARD
### AND RELEASE OF CLAIMS

I have received notice from the United States Department of Justice of the relief award offered to me pursuant to the provisions of the Consent Decree entered by the court on  **[INSERT DATE]**        in the above-named lawsuit.

The **MONETARY RELIEF AWARD** I am being offered consists of:

Three installments of not less than  **[INSERT AMOUNT]**  dollars ($ _____.__ ), minus the appropriate state and federal withholdings, to be paid as set forth in the Consent Decree.

**I ACCEPT THIS AWARD.**  In consideration for this award of three installments of not less than $_____.__, minus the appropriate state and federal withholdings, I **RELEASE** the City of Erie, Pennsylvania and all prior and current elected and appointed officials thereof, and their employees, agents, attorneys, successors, and assigns from any and all legal claims, under any federal or state statutes, regulations or executive orders providing for or giving rise to claims or rights of action relating to equal employment, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., that are based upon alleged discrimination on the basis of sex with respect to the hiring of entry-level police officers, and of which I am aware or, through the exercise of reasonable diligence, could have been aware as of  **[INSERT DATE]**   , the date on which the Court entered the Consent Decree resolving the above-captioned lawsuit.

The release of claims contained herein is not conditioned on my receipt of any relief under the Consent Decree other than that stated above.  Specifically, I understand that, although the City may consider me for priority hire under the terms of the Consent Decree if I requested such consideration, I am not assured that I will be offered employment or hired by the City under the Decree.

INITIAL HERE: _____

I understand that **I must properly and completely fill out this Acceptance of Monetary Relief Award and Release of Claims, initial the first page of this form, sign the form in the presence of a notary public, and return it to the Department of Justice no later than _ [INSERT DATE]** in order to receive the relief award.

I also understand that **I must complete and return the enclosed forms** so that appropriate state and federal withholdings may be deducted from the monetary award.

**I HAVE READ THIS ACCEPTANCE OF RELIEF AWARD AND RELEASE OF CLAIMS AND UNDERSTAND ITS CONTENTS.  I SIGN THIS FORM OF MY OWN FREE ACT AND DEED.**

_____

Date Signed

_____

Signature

_____

(Street Address)

_____

(City)     (State)     (Zip code)

( )____ - _____

(Home Telephone)

( )____ - _____

(Work Telephone)

_____

(Social Security Number)

Subscribed and sworn to before me this _____ day of _____, 2006.

_____

          Notary Public

My commission expires: _____, ____.

Seal:

**Return this form to:**
Erie Police Settlement
Employment Litigation Section
Civil Rights Division
Department of Justice
  **[INSERT ADDRESS]**