Clerk of the United States District Court          April 25, 2006
For the Western District of Pennsylvania
Erie Division
17 South Park Row
Erie, Pennsylvania 16501

United States v. City of Erie, Pennsylvania,
Civ. Action No. 04-4 (W.D.Pa)

To: The Federal District Court

This letter is in response to the "Notice of Settlement and Fairness Hearing" scheduled for June 15th 2006 at the Federal District Courthouse, Erie Pa.

My name is Mark Sanders. When I was first starting out in police work in 1985, I applied to two other agencies, I did not score high enough on their testing; I did not sue them because I didn't meet their expectations. I am currently a Sergeant with the City of Erie Police Department. I completed all the physical requirements and testing that was required. I have spent most of my career on "the street" and am currently assigned to the Professional Standards: Training Unit.

It is clear to me that making the determination of having a "standard" for physical testing "was not job-related for the position in question and consistent with business necessity" was made by individuals who are not in Law <u>Enforcement</u> or who were otherwise misinformed.

Police work is dangerous, unknowing, and both physically and mentally challenging. It is a unique individual who will endure a career in the Law Enforcement field. The consequences of a Police Officers decisions, the ability to make split second judgments and then to effectively react both mentally and physically under demanding conditions may be the difference between life and death. No court ruling or decisions will aide the officer during that physical reaction.



1

The City of Erie Police Department does not "owe" anyone employment. This test is done on a volunteer basis, it is not a requirement as a citizen, and there is no penalty for not taking the test. I do not believe it to be a federally protected right. (As simple as this statement is, the US Dept of Justice should never have gotten involved) It is not intended to embarrass anyone; the requirements are posted in advance.

I do not believe the courts should have any involvement in the standards and requirements of this or any job opportunity that is "extended to all citizens without regard to age, gender, national origin, race, religion or disability". The reality is that some jobs are more physically demanding than others. I am quite certain that there are many more physically demanding jobs than police work. Are the courts going to get involved in handing out positions in these fields to persons who can not meet the minimum standards?

The physical requirements of the physical agility testing are only the very tip of the requirements to becoming and then maintaining a Police Officer status. It is a test, meaning: it is likely that some will pass and some will fail, both male and female. Micro-analyzing this portion of testing to determine if someone could or should become a police officer is unrealistic and improper.

The fact that the physical agility testing is just the first step in being even considered for employment should not give any court the right to award relief or a retroactive seniority date of hire.

I hope this letter is just reiterating previous testimony, but as outrageous as I see this award process, I will proceed. After the physical testing process, the applicant is required to take a written aptitude test. The applicants resulting scores are then listed. Many/ most of the applicants who passed the physical testing and who took the written testing will never proceed any further in the hiring process because of their low testing scores.

Depending on the number of available positions, applicants who scored in the best are put on a list. (Is aptitude testing fair? Are some people smarter than others?) They are still not employed by the City of Erie.

When the need or an opening is to be filled, an in-depth background check is conducted on the best scoring candidates. Additionally, eligible candidates will also be required to pass all of the following: a doctor's physical examination, a psychological examination and a lie detector (CVSA). They are still not employed by the City of Erie.

Selected candidates would then be sent to the Pennsylvania Police Academy for Act 120 certification. This study/testing involves 5 ½ months of academic and physical testing, including a timed 1.5 mile run, weight lifting and other mandatory physical requirements. (This certification is now mandatory *prior* to applying for the position of a Police Officer)

2

It is only after successfully completing all of the above requirements that they may be hired by the City of Erie and employed as a police officer. I am proud to work with both male and female candidates who have passed these standards.

After being hired by the city, this Police Officer is subject to maintain standards both through Pennsylvania Act 120 (180 training) and the City of Erie Police Department in-service training. The City of Erie: In-Service Officer Training Program includes quarterly tactical firearm qualifications and a very physical: defensive tactics, weapons retention and tactical movement program. Physical fitness is a very real element in a profession where you do not get to select you adversary and they never seem to age.

I hope that somewhere throughout the preceding hearings that the court took into consideration the females and now outstanding Police Officers that did pass this physical testing and the further requirements and that are now employed by the Erie Police Department. What message are you sending them? Are they being equally protected under this courts ruling? Retroactive seniority? Individual relief?

The City of Erie use of the physical agility testing "caused a disparate impact against female applicants for the entry level police officer position". How about the much greater number of men who failed this physical testing? Are they being equally protected under this courts ruling? (US Constitution: 14th Amendment)

I note that in this decree that the City of Erie currently requires (all) persons to be certified Act 120 before applying for employment. I see that a "claimant eligible for hire" will not be deemed currently unqualified if she does not meet these training or certification requirements. What does this mean? What is the remedy? I don't want to believe that the courts would intentionally endanger the public by putting unqualified people in a position of a Law Enforcement Officer.

I believe that the court has ruled narrowly minded in favor of a few at the over–all expense of the majority and has overstepped its authority in making a determination of hire without taking in consideration of the totality of the facts.

In my attempt to be fair, I put the blame for this decree on the poor judgment of the City of Erie attorneys and the Dept. of Justice for coming to this agreement. I believe that this decree is unfair and unreasonable. Having stated this and having been involved in Law Enforcement for over 20 years I can not justify the artificial "legality" of this decree.

Thank you for your consideration in this matter;

Mark Sanders
1325 West 37th Street
Erie, Pa. 16508
(814) 392-5944

cc: US Dept of Justice; Erie Police Settlement Team and the Office of the City Solicitor

3