IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

V.

CITY OF ERIE, PENNSYLVANIA,

    DEFENDANT.

CIVIL ACTION NO. 04-4  ERIE

JUDGE MCLAUGHLIN

### PLAINTIFF UNITED STATES' REQUEST FOR SCHEDULING OF FAIRNESS HEARING ON INDIVIDUAL RELIEF AND SUBMISSION OF RELIEF AWARDS LIST

Pursuant to Paragraph 50 of the Consent Decree entered by the Court on June 15, 2006, plaintiff United States of America (the "United States") submits the attached Relief Awards List and requests that the Court schedule a Fairness Hearing on Individual Relief to be held at least sixty (60) days after the Court enters an order scheduling the hearing. See Consent Decree, ¶ 50.

After the Court entered the Consent Decree following the fairness hearing on the terms of the Decree, defendant City of Erie, Pennsylvania (the "City") sent to each Claimant, at her last known address, an explanation of the process for filing a claim for relief under the Decree and an Interest in Relief Form. See Consent Decree, ¶ 47. Claimants were required to timely submit to the United States a completed and signed Interest in Relief Form in order to be considered for individual remedial relief under the Decree. Consent Decree, ¶ 48.

The United States received Interest in Relief Forms from 57 Claimants, including two Claimants (Frances Booth and Ethel Easter) who appeared at the Fairness Hearing on June 15,

2006 and whom the Court added to the list of Claimants following the Fairness Hearing. The Interest in Relief Forms of two of the Claimants (Jennifer Mazur and Darlene Everts) were not timely. Each of the Claimants who returned an Interest in Relief Form is listed on the attached Relief Awards List. As indicated on the Relief Awards List, 56 Claimants indicated on their Interest In Relief Forms that they are interested in monetary relief, and 23 of them indicated that they also are interested in consideration for priority hiring relief. One Claimant, Amanda Ponting, indicated that she is not interested in receiving any relief.

The United States sent a brief Questionnaire to each of the 55 Claimants who returned an Interest in Relief Form indicating that she is interested in relief.[1] All but three (Shannon Brophy, Denise Osterberg and Mary Ann Santiago) of these Claimants returned a completed Questionnaire. Based on the information provided by the Claimants in response to the Questionnaire, information previously provided by the City, and follow-up telephone interviews of some of the Claimants, the United States made the relief determinations indicated on the attached Relief Awards List.

Under the Decree, the Court is to approve or amend the Relief Awards List at or following a Fairness Hearing on Individual Relief. Consent Decree, ¶ 55. Paragraph 50 of the Decree provides that the Court will give the parties at least 60 days' notice of the date and time set for the Fairness Hearing on Individual Relief. This period is necessary to give the City and the 56 Claimants who submitted an Interest in Relief Form an opportunity to object to the United States' relief determinations before the hearing. In addition, prior to the hearing, the parties each

---

[1] Because of an internal mail problem, one Interest in Relief Form, that of Corrina Lolley was not received by the Erie Settlement Team until September 5, 2006. Therefore, a Questionnaire was not sent to Ms. Lolley.

will file with the Court a response to any objections received. Consent Decree, ¶ 53.

Because the City failed to respond to the United States' requests for detailed information regarding the hiring criteria (other than the PAT) that the City used during the relevant time periods, the United States was forced to make its individual relief determinations based primarily on Claimants' responses to questions regarding their criminal and driving records. See Attachments 1 and 2. If the City believes that other lawful hiring criteria would have disqualified a Claimant, the City should object to the relevant determinations and provide the United States with all evidence supporting its objections. See Consent Decree, ¶ 54. If the parties are unable to resolve any differences, the Court will resolve the parties' dispute at or following the Fairness Hearing on Individual Relief. See Consent Decree, ¶ 55.

Accordingly, the United States requests that the Court now schedule a Fairness Hearing on Individual Relief to be held at least 60 days after the Court enters an order scheduling the hearing. A proposed order is attached.

Respectfully submitted,

On behalf of plaintiff United States:

SHARON A. SEELEY
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Room 4908
Washington, D.C. 20530
Telephone: (202) 514-4761

s/Jessica Lieber Smolar
JESSICA LIEBER SMOLAR
Assistant United States Attorney
U.S. Post Office and Courthouse

700 Grant Street, Suite 400
Pittsburgh, PA 15219
Telephone: (412) 894-7419
PA ID No.: 65406

### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2006, a true and correct copy of Plaintiff United States' Request for Scheduling of Fairness Hearing on Individual Relief and Submission of Relief Awards List by overnight delivery to the following counsel of record:

Mr. Gerald J. Villella, Esq.
Office of the City Solicitor
626 State Street, Room 505
Erie, Pennsylvania 16501
Facsimile: (814) 455-9438

Sharon Seeley
Trial Attorney
U.S. Department of Justice