

**U.S. Department of Justice**

Civil Rights Division

---

DJP:JMG:SAS:CFG:es
DJ 170-64-148

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

August 14, 2006

Via Facsimile

Gerald J. Villella
Office of the City Solicitor
626 State Street, Room 505
Erie, Pennsylvania 16501

    Re:    United States v. City of Erie, C.A. No. 04-4 (W.D. Pa.)

Dear Counsel:

    Attached is a copy of a letter that I sent to you on June 19, 2006, requesting that you provide detailed information regarding the bases on which, between 1996 and 2002, the City would have disqualified an applicant for the entry-level police officer position after the applicant had passed the PAT. To date, I have received no response.

    As I explained in my June 19 letter, in order to comply with the schedule set forth in the Consent Decree, it was necessary for the United States to begin evaluating claimants as soon as possible after receiving claim forms from individuals who are interested in monetary and/or hiring relief under the Decree. Because we received no timely response to my letter, we have been forced to evaluate such claimants with no more than general knowledge of the City's post-PAT selection criteria.

    As you know, under the Decree, after the United States provides to the City a Relief Awards List and the Court schedules a Fairness Hearing on Individual Relief, the City will have an opportunity to object to any of the United States' determinations regarding the relief which should be awarded to each claimant. In addition, prior to the Fairness Hearing on Individual Relief, the United States must provide to each claimant who the United States has determined should not be awarded the relief she seeks, a statement of the reason(s) for that determination. The claimants will have an opportunity to file objections, and the United States and the City must file a response to any objections received. Ultimately, the Court must rule on each objection under the standards set forth in the Decree.

Unfortunately, the City's failure to provide the information sought in my June 19 letter may lead to a greater number of objections to the United States' relief determinations than we otherwise would have received. Nonetheless, we believe that the remainder of the claims process summarized above will proceed more efficiently — and the parties and the Court will be spared the expense necessary to make, evaluate, respond to and rule on objections that could be avoided — if the City will provide the requested information. We do not understand the City's failure to do so earlier because it seems apparent that the City must use such information to object to any of the United States' relief determinations and to respond to any objection from claimants.

Accordingly, we again request that you provide the information requested in my June 19, 2006 letter. Specifically, we request detailed information regarding the factors that would have disqualified an applicant who passed the PAT between 1996 and 2002.

As always, you can reach me at (202) 514-4761 if you have any questions.

Sincerely,

David J. Palmer
Chief
Employment Litigation Section

By: *[signature]*

Sharon Seeley
Attorney
Employment Litigation Section

Encl.
cc: Julie Wasielewski

2