IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff | : |
| | : |
| | : C.A. NO. 04 – 04 ERIE |
| v | : |
| | : JUDGE McLAUGHLIN |
| CITY OF ERIE, PENNSYLVANIA | : |
| | : |
| Defendant | : |

**DEFENDANT'S FIRST SET OF OBJECTIONS TO RELIEF AWARDS LIST**

Plaintiff has proposed the distribution of $169,995.00, virtually the entire Settlement Fund, as well as designating 24 women for the 5 Priority Hire positions provided by the Consent Decree between the parties. The City objects to a number of such cash awards and/or Priority Hires at this time, and reserves further objections until such time as Plaintiff provides Defendant with the information it has obtained from all persons who requested relief under the Consent Decree.

1. Plaintiff proposes relief to a number of women who failed the Physical Agility Test (PAT) in the year 2002, some of whom had failed the test in previous years as well. In 2002, as opposed to previous years, the City gave the written civil service test prior to the PAT. The Civil Service Test is and always has been the primary selection device for Erie police officers, and its administration every two years sets the rank order for those who pass the test and are eligible to be hired over the subsequent two years. Prior to 2002, the PAT was administered first, as a pass-fail screening tool, and those who failed the PAT were ineligible to take the written test that year. In 2002, it was necessary to

1

pass the written test to be eligible for the PAT and any further consideration for hiring. The PAT then disqualified a number of women and men; and has been determined by this court to have been gender-disparate; and presumably, therefore, should not have been used to disqualify anyone of either gender.

2. Plaintiff has been supplied with the list of all persons who took the written test and the PAT for 2002; as well as a listing of women who passed the written test, their PAT result, and their presumed Civil Service Ranking in the event there had been no PAT. This list is attached as Exhibit 1. It demonstrates that the elimination of the PAT would have added a substantial number of men who ranked highly on the civil service test; resulting in only one PAT-failing woman, Jolene Martin, scoring well enough on the written test to have been proposed for hiring with no PAT. Ms Martin apparently did not apply for relief.

3. Plaintiff has, however, proposed that Cheryl Ann Frey, a woman scoring significantly lower than Jolene Martin and, most relevantly, ranking below 19 male applicants and one other female applicant who failed or did not show for the PAT, receive $22,035.00 as "back pay" and priority hiring. Because approximately 25 persons were actually hired or offered employment from the 2002 list, and the person ranked most nearly ahead of Ms Frey on the post PAT listing (Exhibit 2) was number 37, the addition of the 19 PAT-failing males (several with Veterans' Preference) and 2 PAT-failing females ranked ahead of her on the Civil Service list would make it demonstrably impossible for her to have been hired as an Erie Police Officer from the 2002 list. She has, therefore, no entitlement to a Back Pay award in any amount because the PAT

failure did not prevent her hiring—her civil service ranking, lack of Veterans Preference and the deemed addition of 21 higher-ranked PAT-failing applicants would have excluded her. Defendant, however; does not oppose her consideration for Priority Hiring, given her passing score on the Civil Service test, as provided by the Consent Decree.

4. Defendant has also proposed equal payments of back pay ($3,288.00) to 9 women who either scored much lower in 2002 than anyone hired, or actually *failed* the 2002 Civil Service test, demonstrably excluding them from any back pay consideration, and, in the case of the failures, from any Priority Hire consideration.

5. Those who scored too low in 2002 to have been hired are Joanne Harris (70, the lowest passing score); Sue Yong Roberts (78); Mary Schmeisser (83 including Veteran points) Cheryl Sidun-Lego (83). The City proposes that none of these women are entitled to any back pay award, but that they, along with Cheryl Ann Frey, constitute the entirety of the 5 Priority Hiring list as provided by the Consent Decree, subject to their current ability to qualify if and when such Priority Hires can be considered.

6. Those who actually failed the 2002 Civil Service test (List attached as Exhibit 3) absolutely prohibiting them from further hiring consideration that cycle, but are proposed by Plaintiff for relief, include Saprina Cooper, Denise Osterberg, Tabitha Roberts and Zabrina Thompson. Despite some of these women having taken and failed the PAT in prior years for which their relief is proposed, there is absolutely no basis in law or common sense

to presume that they would have passed the Civil Service test, the primary, statutorily required, non-discriminatory employment selection device, in the year prior to 2002 when they failed the PAT.  To extrapolate a 2002 Civil Service *failure* coupled with one or more PAT failures by such women into an assumption that any of them would have *passed* the Civil Service test in a prior year makes no logical or legal sense.

7. At this time, the City also objects to every remaining applicant for Priority Hire or Monetary Relief because Plaintiff has thus far refused to provide the documentation or other factual basis for their evaluation of each applicant as Defendant has requested. Plaintiff appears to be relying on an unwarranted presumption as to each applicant who failed the PAT at any time regarding the likelihood she would have been hired in that year. Plaintiff's methodology of dividing the entire settlement fund in equal portions among persons of undisclosed criteria as actual victims of hiring discrimination transforms the Settlement Fund into a disguised form of Compensatory Damages rather than the Back Pay which the Complaint sought and the Consent Decree provided. The City will file a Motion to Compel Production of Documents regarding this additional information as to all applicants for relief.

5

WHEREFORE, the Defendant so responds and objects to the proposed Relief Awards list as stated, at this time.

        Respectfully Submitted,

        OFFICE OF ERIE CITY SOLICITOR
        626 State Street, Room 505
        Erie, PA 16501
        (814) 870-1230

        By: /s/: Gregory A. Karle, Esquire
           Gregory A. Karle, Esquire
           PA ID 32533

        By: /s/:Gerald J. Villella, Esquire
           Gerald J. Villella, Esquire
           PA ID 32814

        By: /s/: Kenneth A. Zak, Esquire
           Kenneth A. Zak, Esquire
           PA ID 23992