IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff | : |
| | : |
| | : C.A. NO. 04 – 04 ERIE |
| v | : |
| | : JUDGE McLAUGHLIN |
| CITY OF ERIE, PENNSYLVANIA | : |
| | : |
| Defendant | : |

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
REGARDING PROPOSED RELIEF AWARDS**

AND NOW, this 16th day of October, 2006, comes Defendant, The City of Erie, by and through the Office of Erie City Solicitor, and states the following in support of its Motion to Compel Production of Documents by Plaintiff under Rule of Civil Procedure 37.

1. Under the terms of the Consent Decree entered in this matter on March 10, 2006, the Plaintiff and Defendant have notified all potential applicants for Individual Relief as defined in the Decree; and on September 8, 2008, the Plaintiff filed its Motion for a Fairness Hearing and list of Individual Relief Awards.

2. Prior to filing its Motion and Relief Awards List, Plaintiff wrote to Defendant on June 19, 2006 to set forth the deadlines regarding the Fairness Hearing; and also to request "a detailed description of the factors which would have disqualified an applicant who passed the PAT." Plaintiff acknowledged its awareness that a pre-hiring background investigation would involve criminal history and driving record of an individual; and knew or reasonably should have known the general

1

nature of criminal history, motor vehicle records, financial irresponsibility, violence and other "red flags" which would exclude an applicant from any law enforcement position.

3. Counsel for Defendant was unaware of any more specific disqualifying factors and at some point referred the question to the Police Bureau to determine whether any more specific factors not known to Plaintiff could be identified. A response was not prepared prior to Plaintiff's second letter of August 14, 2006 renewing its request.

4. In response to this renewed request, Defendant's paralegal facilitated the collection of information from the Police Bureau, and telephone calls were exchanged between the parties to clarify what Plaintiff sought.

5. On September 8, 2006, Plaintiff filed its Motion and Individual Relief Awards list, proposing the use of the entire Settlement Fund and identifying 24 applicants eligible for the 5 Priority Hire positions contemplated by the Consent Decree.

6. On September 12, 2006, counsel faxed a responsive letter to Plaintiff's counsel, which summarized the Criteria for Police Hire, which referenced the relevant statutory and regulatory criteria in Pennsylvania regarding police hiring.

7. On September 13, 2006, defendant's paralegal emailed a request to the Plaintiff's paralegal requesting copies of the Interest in Individual Relief (IIR) forms, questionnaires and notes received and prepared by Plaintiff regarding the individuals Plaintiff had recommended for relief.

8. On September 19, 2006, Counsel for Defendant wrote to Counsel for Plaintiff to follow up the email request for some of the IIR forms not yet sent; completed

questionnaires and interview notes in order to determine the bases on which Plaintiff proposed each of the individuals for monetary or hiring relief; particularly in light of Plaintiff's identification of a number of applicants who had taken the 2002 Civil Service test for police officers, and either failed it outright or scored too low to have ever been hired. Defendant considers such results on the Civil Service test; which has always been the primary, non-discriminatory, rank-ordered selection device for Erie police hiring, to be sufficient basis to overcome any presumption in favor of any applicant that she would have been hired but for the failure of the secondary, gender-discriminatory Physical Agility Test; and to create such a presumption against such a conclusion..

9. On September 21, 2006, Plaintiff's counsel responded to Defendant's letter by providing drivers' license numbers for 43 of the 44 women proposed for relief, noted certain background information regarding two of the women, but generally refused to provide the completed questionnaires and interview notes for any of the applicants, asserting work product and privacy concerns.

10. Defendant then, on October 2, 2006, filed its First Set of Objections to the Relief Awards List, noting the disagreement between the parties as to

   (A).The scope of information which should be provided to Defendant,

   (B) The nature and extent of the of the rebuttable presumption that job applicants subjected to a discriminatory PAT disqualification would have been hired as police officers and are entitled to Back Pay, Priority Hire or both.

   (C) The consequence of disallowing any individual application for monetary relief upon the ultimate Settlement Fund distribution; Defendant contending that some or

all of such disallowed funds revert to the City, and Plaintiff asserting that the entire fund is distributed among any number of successful claimants.

11. The parties have spoken by telephone and have not been able to resolve these issues, and have agreed that the Court should address them.

12. Documents reflecting the correspondence between the parties are attached.

WHEREFORE, Defendant requests that the Court issue an Order compelling the production of the requested information as to each applicant proposed for relief, as well as addressing the other legal questions raised.

Respectfully Submitted,

OFFICE OF ERIE CITY SOLICITOR
626 State Street, Room 505
Erie, PA 16501
(814) 870-1230

By: /s/: Gregory A. Karle, Esquire
   Gregory A. Karle, Esquire
    PA ID 32533

By: /s/:Gerald J. Villella, Esquire
   Gerald J. Villella, Esquire
    PA ID 32814

By: /s/: Kenneth A. Zak, Esquire
   Kenneth A. Zak, Esquire
    PA ID 23992