**U.S. Department of Justice**

Civil Rights Division

DJP:JMG:SAS:CFG:es
DJ 170-64-148

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

June 19, 2006

<u>Via Facsimile</u>

Gerald J. Villella
Office of the City Solicitor
626 State Street, Room 505
Erie, Pennsylvania 16501

Re:    <u>United States v. City of Erie, C.A. No. 04-4 (W.D. Pa.)</u>

Dear Counsel:

As you know, the entry of the Consent Decree last week established deadlines for various tasks the parties must undertake in order to complete the claim process and prepare for the Fairness Hearing on Individual Relief.  The following is a list of those deadlines:

| | |
|---|---|
| **June 15** | **Court entered the Decree** |
| June 23 (Friday) | ¶ 47 - within 10 days later, the City must send notice of the entry of the Decree and the claim form to claimants (Appendices D and E) |
| July 8 (Saturday) | ¶ 48 - 25 days after entry of Decree, claimants must submit claim forms |
| Sept. 6 (Wednesday) | ¶ 49 - 60 days later (<u>i.e.</u>, 85 days after entry of Decree), the United States must file a Relief Awards List and serve a copy on the City along with copies of all claim forms received |
| on or about Sept. 6 | ¶ 50 - Upon filing the Relief Awards List, the United States moves for a fairness hearing on individual awards |
| | ¶ 50 - The Court sets the date for the fairness hearing (to be at least 60 days later) |
| **No earlier than Nov. 6 (Monday)** | **Fairness Hearing on Individual Relief** |

Please let me know immediately if you disagree with any of the dates or required actions set forth above.

As this schedule indicates, the City must send a copy of Appendix D and Appendix E to all claimants no later than this Friday, June 23. Of course, June 15, 2006 should be inserted as the date in the first line of Appendix D. As indicated above, the date to be inserted in the fourth is July 8, 2006. That date, July 8, 2006, also should be inserted in the last paragraph of Appendix D. In addition, the same 1-800 telephone number and Department of Justice address that were used previously for the Instructions for Filing an Objection Prior to the Fairness Hearing should be inserted in the appropriate places in the fifth paragraph of Appendix D.

We have received updated contact information for some claimants listed on Appendix A. This information is included in the enclosed revised claimant list; the revisions are in bold type. In addition, as you know, the Court ordered that Ethel Easter and Frances (Green) Booth be added to the list of claimants subject to their establishing at the Fairness Hearing on Individual Relief that they took and failed the PAT between 1996 and 2002. The contact information that we have for each of these individuals is:

Ethel Easter
611 N. Dairy Ashford, Apt. 77
Houston, Texas 77079

Frances Booth
928 E. 10th Street
Erie, Pennsylvania 16503

In order to comply with the schedule set forth above, as soon as possible after the United States begins receiving claim forms from individuals who indicate that they are interested in relief, we will begin evaluating the claimants to determine which individuals we believe should awarded monetary relief and/or consideration for priority hiring. Depending on the number of claimants who indicate an interest in relief, we likely will use some combination of questionnaires and interviews to obtain the information we need to make informed decisions.

Before we can prepare a questionnaire or determine what questions will be asked, we need detailed information from the City regarding the post-PAT steps in its selection process. Specifically, for each of the selection processes between 1996 and 2002, please provide a detailed description of the factors that would have disqualified an applicant who passed the PAT. For example, based on documents and deposition testimony obtained during liability phase discovery, we are aware that criminal history and driving record were considered during the background investigation, but do not know precisely what in an applicant's criminal history or driving record would disqualify her.

I have enclosed a copy of a questionnaire that apparently was used by the City as part of

2

its 1994 selection process.  If answers to any of the questions asked might disqualify an applicant, please explain specifically what information would lead to disqualification.  If the standards that the City used changed at any time during the relevant period, please describe the changes.  In addition, please inform me as soon as possible if a questionnaire different than the enclosed 1994 form was used between 1996 and 2002, and describe any differences.

I would appreciate it if you would provide the requested information as soon as possible so that the United States can take it into account in making its eligibility determinations.  As always, you can reach me at (202) 514-4761 if you have any questions.

Sincerely,

David J. Palmer
Chief
Employment Litigation Section

By:

Sharon Seeley
Attorney
Employment Litigation Section

cc:  Julie Wasielewski

Encl.

## Claimant List - June 19, 2006

| 2002 | | |
|------|------|------|
| Sherrod (Battles) | Trelane | 411 West 17th Street<br>Erie, PA 16502 |
| **Booth** | **Frances** | **928 E. 10th Street<br>Erie, PA 16503** |
| Brophy | Shannon | 1237 Priestley Avenue<br>Erie, PA 16511 |
| Chase | Dawn | 200 W 20th Street<br>Erie, PA 16502 |
| Frey | Cheryl | 4806 Perkins Street<br>Erie, PA 16509 |
| Harris | Joanne | 1653 Treetop Drive<br>Apt. 8A<br>Erie, PA 16509<br><br>OR<br><br>13820 Ridge Road<br>West Springfied, PA 16443 |
| Heatherdale | Shannon | 310 Charles Street<br>Ridgeway, PA 15853 |
| Hernandez | Marsha | 34 Center Street<br>Union City, PA 16438<br><br>OR<br><br>216 East St.<br>Waterford, PA 16441 |
| Hedlund-Jackula | Amber | 849 Rumsey Avenue<br>Erie, PA 16511 |
| Knepper | Jeannine | 411 Cranch Avenue<br>Erie, PA 16511 |

| Lewis | Jamie Lynne | 2411 Pennsylvania Avenue<br>Erie, PA 16503 |
|---|---|---|
| Luke | Marcie | 1856 Fairmont Parkway<br>Erie, PA 16510 |
| Morris | Dorcas Ann | 2550 East 43rd Street<br>Erie, PA 16510 |
| Rodgers | Sue Yong | 2734 West 35th Street<br>Erie, PA 16506 |
| Schmeisser | Mary | 2614 Van Buren Avenue<br>Erie, PA 16504 |
| Sidun-Lego | Cheryl | 2828 Florence Avenue<br>Erie, PA 16504 |
| Widomski | Heather | 1437 E. 7th Street<br>Erie, PA 16503<br><br>OR<br><br>613 E 4th Street<br>Erie, PA 16507 |
| **2000** | | |
| Abreu | Brenda | 440 E 17th Street<br>Erie, PA 16503<br><br>OR<br><br>15 Hess Avenue<br>Apt. 1<br>Erie, PA 16503 |
| Angelo | Stacy | 655 1/2 E 14th Street<br>Erie, PA 16503 |
| Cooper | Sabrina | 505 Popular Street<br>Erie, PA 16507 |

2

| Crissman | Bertha | **648 & ½ E. 17th Street**<br>**Erie, PA 16503**<br><br>OR<br><br>423 East 25th Street<br>Erie, PA 16503 |
|---|---|---|
| Devlin | Heather | 2542 W 21st Street<br>Erie, PA 16506 |
| Dudics | Julia | 3761 Hartman Road<br>Erie, PA 16510 |
| Flak-Boyajian | Dawn | 617 Elm Court<br>Erie, PA 16506 |
| Gibbs | Fatima | 1304 W 25th Street<br>Apt. 1<br>Erie, PA 16502 |
| Hagerty | Aubrea | 3110 Holland Street<br>Erie, PA 16504<br><br>OR<br><br>803 State Road 2<br>Croydon, PA 19021 |
| Hall | Melissa | 3926 Garden Avenue<br>Erie, PA 16508 |
| Hayes | Lisa Marie | 11672 Fry Road<br>Edinboro, PA 16412 |
| Karuba | Audrey | 901 Leeward Road<br>Venice, Florida 34293<br><br>OR<br><br>1239 East 22nd Street<br>Erie, PA 16503 |
| Kinder | Samantha | 879 Ruth Avenue<br>Erie, PA 16509 |

3

| Lococo | Maria | 1366 West 34th Street<br>Erie, PA 16508 |
|---|---|---|
| Lolley | Corrina | 4009 William Clark Trail<br>Monroe, NC 28110 |
| Marshall | Kathy | 922 Weschler Avenue<br>Erie, PA 16502 |
| Nicholson-Lanager | Carrie | 927 West 36th Street<br>Erie, PA 16508 |
| Petrick (DeHaas) | Tricia | 6039 Meridia Drive<br>Erie, PA 16509 |
| Pollock | Stacy | 1960 West 27th Street<br>Erie, PA 16508 |
| Ponting | Amanda | 5101 Zessinger Road<br>McKean, PA 16426 |
| Quinones | Luz | 415 Plover Street<br>Dunkirk, NY 14048<br><br>OR<br><br>1433 Buffalo Road<br>Erie, PA 16503 |
| Roberts | Tabitha | 2312 Cameron Rd.<br>Erie, PA 16510 |
| Rodgers | Sue Yong | 2734 West 35th Street<br>Erie, PA 16506 |
| Santey Geeting | Tammy | 27 Franklin Drive<br>Edinboro, PA 16412 |
| Schmeisser | Mary | 2614 Van Buren Avenue<br>Erie, PA 16504 |
| Still | Tamilyn | 22951 Freyermuth Road<br>Meadville, PA 16335 |
| Sul | Elizabeth | 3018 Oakwood Street<br>Erie, PA 16508 |

| Thompson | Mae | 3106 Belmont Drive<br>Killeen, TX 76549<br><br>OR<br><br>4041 Stanton Street<br>Erie, PA 16510 |
|---|---|---|
| Thompson | Zabrina | 639 W 22nd Street<br>Erie, PA 16502 |
| Veshecco Meyer | Natalie | 2426 Bird Drive<br>Erie, PA 16510 |
| **1998** | | |
| Bradley | Nicole | 521 Rondeau Drive<br>Erie, PA 16505 |
| Dunkle | Heather | 5048 Iroquois Avenue<br>Erie, PA 16511 |
| Edelmann | Susan | 1022 Long Point Drive<br>Erie, PA 16505 |
| Harris | Joanne | 13820 Ridge Rd.<br>West Springfield, PA 16443 |
| Hopkins | Kimberly | 413 34th Street<br>Erie, PA 16504 |
| Lindner | Stephanie | 2716 Pennsylvania Avenue<br>Erie, PA 16504 |
| Lorei-Weismiller | Kristin | **8682 Oriole Drive<br>Erie, PA 16509** |
| McConahy Nicholson | Carey | 3328 Saltsman Rd.<br>Erie, PA 16510 |
| Nicholas | Kimberly | |
| Osterberg | Denise | 614 Wayne Street<br>Erie, PA 16503 |
| Peters (Wolcott) | Linda | 1264 Maple Avenue<br>Lake City, PA 16423 |

| Romigh | Megan | 1123 Chestnut Street<br>Monaca, PA 15061 |
|---|---|---|
| Schmeisser | Mary | 2614 Van Buren Avenue<br>Erie, PA 16504 |
| Sidun-Lego | Cheryl | 2828 Florence Avenue<br>Erie, PA 16504 |
| Stoops | Kimberly | 1403 Juniper Drive<br>Apt. 2<br>Louisville, KY 40222 |
| Waite | Emily | |
| Weislogel (Downing) | Darlene | 107 Andrews Park Blvd.<br>Erie, PA 16511 |
| **1996** | | |
| Agnello Peterson | Michele | 4921 Amy Avenue<br>Erie, PA 16504 |
| Chapman Coleman | Natalie | 3023 Spruce Drive<br>Erie, PA 16506 |
| Curtis | Maryann | 2709 Pearl Avenue<br>Erie, PA 16510<br><br>OR<br><br>1318 East 9th Street<br>Second Floor<br>Erie, PA 16503 |
| **Easter** | **Ethel** | **611 N Dairy Ashford, Apt. 77<br>Houston, Texas 77079** |
| Feltyn | Amy Lynne | 3005 Brandes Street<br>Erie, PA 16504 |
| Fuller (Jaramillo) | Deborah Lee | 4015 Melrose Avenue<br>Erie, PA 16509 |

| Gamble | Luvennise | 1720 Holland Street<br>Erie, PA 16503<br><br>OR<br><br>**810 W. 8th Street**<br>**Erie, PA 16502** |
|---|---|---|
| Garcia | Judith | 1231 East 21st Street<br>Erie, PA 16503 |
| Hansen Smith | Heidi A. | 1175 Firehouse Road<br>Louisa, VA 23093 |
| Harris | Nina | 552 E College Street<br>Meadville, PA 16335 |
| Hetrick | Joyce | 1011 West 26th Street<br>Erie, PA 16508 |
| Hoover | Michelle | 5325 Loomis Street<br>North East, PA 16428 |
| Jones | Barbara | **12286 Lakeside Drive**<br>**Conneaut Lake, PA 16316** |
| Koenig | Venus | 1419 Cold Springs Drive<br>Erie, PA 16508 |
| Lagan Mazur | Jennifer | 1527 West 32nd Street<br>Erie, PA 16508 |
| Machalinski | Marlo Marie | **818 Delaware Avenue**<br>**Erie, PA 16505** |
| Mills (Burton) | Linda | **4162 Fargo Street**<br>**Erie, PA 16510** |
| Morgan | Jessica Dawn Marie | Use through June 2006:<br>3808 W Zelma Street, Apt. 3<br>Edinburg, TX 78541<br><br>After June 2006, use:<br>Jessica Morgan<br>c/o April Chase<br>1433 East 33rd Street<br>Erie, PA 16504 |

7

| Pollock | Stacy | 1960 West 27th Street<br>Erie, PA 16508 |
|---------|-------|-----------------------------------------|
| Rosas | Yolanda | 1840 E 7th Street<br>Erie, PA 16511 |
| Runstedler | Jennifer | 2676 Hazel Street<br>Eire, PA 16508<br>814-868-0039 |
| Santiago | Mary Ann | **1038 E. 30th Street**<br>**Erie, PA 16504** |
| Sauro | Christine | **22 Aspen Drive**<br>**Apt. B**<br>**Greensboro, NC 27409** |
| Sessaman | Crystal | 11 Valley Street<br>Lewistown, PA 17044 |
| Staszewski Moubarak | Jennifer T. | 803 Harmony Drive<br>Erie, PA 16505 |
| Stover | Carla | 9868 Agnew Road<br>Linesville, PA 16424 |
| Tate | Ebony | 1859 Woodlawn Avenue<br>Erie, PA 16510 |
| Wingerter O'Laughlin | Teresa | 2521 Bird Drive<br>Erie, PA 16510 |
|  |  |  |

8

Civil Rights Division

DJP:JMG:SAS:CFG:es
DJ 170-64-148

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

August 14, 2006

<u>Via Facsimile</u>

Gerald J. Villella
Office of the City Solicitor
626 State Street, Room 505
Erie, Pennsylvania 16501

     Re:    <u>United States v. City of Erie, C.A. No. 04-4 (W.D. Pa.)</u>

Dear Counsel:

     Attached is a copy of a letter that I sent to you on June 19, 2006, requesting that you provide detailed information regarding the bases on which, between 1996 and 2002, the City would have disqualified an applicant for the entry-level police officer position after the applicant had passed the PAT. To date, I have received no response.

     As I explained in my June 19 letter, in order to comply with the schedule set forth in the Consent Decree, it was necessary for the United States to begin evaluating claimants as soon as possible after receiving claim forms from individuals who are interested in monetary and/or hiring relief under the Decree. Because we received no timely response to my letter, we have been forced to evaluate such claimants with no more than general knowledge of the City's post-PAT selection criteria.

     As you know, under the Decree, after the United States provides to the City a Relief Awards List and the Court schedules a Fairness Hearing on Individual Relief, the City will have an opportunity to object to any of the United States' determinations regarding the relief which should be awarded to each claimant. In addition, prior to the Fairness Hearing on Individual Relief, the United States must provide to each claimant who the United States has determined should not be awarded the relief she seeks, a statement of the reason(s) for that determination. The claimants will have an opportunity to file objections, and the United States and the City must file a response to any objections received. Ultimately, the Court must rule on each objection under the standards set forth in the Decree.

Unfortunately, the City's failure to provide the information sought in my June 19 letter may lead to a greater number of objections to the United States' relief determinations than we otherwise would have received. Nonetheless, we believe that the remainder of the claims process summarized above will proceed more efficiently – and the parties and the Court will be spared the expense necessary to make, evaluate, respond to and rule on objections that could be avoided -- if the City will provide the requested information. We do not understand the City's failure to do so earlier because it seems apparent that the City must use such information to object to any of the United States' relief determinations and to respond to any objection from claimants.

Accordingly, we again request that you provide the information requested in my June 19, 2006 letter. Specifically, we request detailed information regarding the factors that would have disqualified an applicant who passed the PAT between 1996 and 2002.

As always, you can reach me at (202) 514-4761 if you have any questions.

Sincerely,

David J. Palmer
Chief
Employment Litigation Section

By:  _Sharon G. Seeley_

Sharon Seeley
Attorney
Employment Litigation Section

Encl.
cc: Julie Wasielewski



# The City of Erie, Pennsylvania

## Joseph E. Sinnott, Mayor

September 12, 2006

Clare Geller, Esquire
Employment Litigation Section
Patrick Henry Building
Civil Rights Division
US Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC, 20035-5968

**Re:    United States v. City of Erie, CA No. 04-4 (W.D. Pa)**

514-1105

**VIA FACSIMILE TRANSMISSION ONLY:    202-~~353-1817~~**

Dear Attorney Geller:

Pursuant to your request for detailed information regarding the factors that would disqualify an applicant who passed the PAT, enclosed herewith is a summary of the criteria utilized by the Erie Police Bureau. Although the process as set forth statutorily is, by its very nature, subjective, we have made every effort to be objective in producing the criteria for purposes of the Consent Decree.

Should you have any questions or comments, please feel free to contact me.

Sincerely,

Gerald J. Villella, Esquire

9 pages total

**Office of the City Solicitor**
Gregory A. Karle, Esquire, City Solicitor
626 State Street, Room 505, Erie, PA 16501-1128
Ph: (814) 870-1230 • Fax: (814) 455-9438 • Email: gkarle@ci.erie.pa.us



# CRITERIA FOR POLICE HIRE

## Statutory:

> 53 P.S. §§ 740 – 749.  The Act, Act of June 18, 1974 (P.L. 359, No. 120);
> See also:  53 Pa. C.S.A. §§ 2161, et. seq.;
> > 71 P.S. §§ 741, et. seq., Civil Service Act.

## Rules and Regulations:

See:    Title 37 Pa. Code, Chapter 203, Qualifications, sets forth basic standards for the employment of police officers. 37 Pa. Code § 203.11.  Municipal Police Officers' Education and Training Commission (MPOETC).  Attached hereto is a copy of the section, above-referenced. Also, see website at www.MPOETC.state.pa.us.

Erie Police Bureau procedure for hire of police officers:

Following due consideration of the statutory and regulatory requirements that set the minimum standards for the employment of police officers, the Erie Police Bureau considers certain criteria on an individual basis, which criteria are derived from the statutory and regulatory minimum requirements.

### In General:

Untruthfulness:        if an applicant lists information on his application that is untruthful or intentionally omits information and this information is discovered during the background investigation.  Examples of this include, but are not limited to:  failing to list arrests, convictions or citations where indicated on the background questionnaire.

Background:        information that was uncovered during the background investigation that would indicate the applicant would be an unsuitable candidate for the position of police officer.

Criminal History:    if an applicant is convicted of a criminal offense that is punishable by more than one year in prison.  The MPOETC cannot certify this applicant as a police officer.

Medical:    an applicant can be disqualified if a physician will not certify the applicant, after an examination, that he or she is physically fit to be certified as a police officer.

Psycoholgical: an applicant can be disqualified if after being examined by a psychologist it is determined that the individual is psychologically at risk for exercising appropriate judgment and restraint as a police officer.

The following sources are contacted for information pertaining to an applicant, i.e, references as to employment, character, criminal background, psychological stability, and physical ability:

District Attorney
Erie County Sheriff
Employers
Residency
Neighbors
References indicated by applicant
Local law enforcement
DD-214
Financial/Credit History
Interview/Application for Employment
NCIC
Driving history
District Justices
Federal Court House
Fingerprints
Traffic Court
Psychological
Physical

Although careful consideration of all information gathered on an applicant is determinative of the applicant's suitability as a police officer, some of the statutory and regulatory criteria is, by its very nature, highly subjective. Some examples of disqualifying criteria/information are:

- evidence of a second degree misdemeanor for which a sentence of one year or more may be imposed;
- a failure to disclose traffic arrests and failure to pay citations;
- repeated driver's license suspensions;
- unfavorable references in employment and/or disciplinary problems while enlisted in the military;
- failure to disclose information on an application or a failure to disclose prior arrests;
- failure of the psychological examination;
- DUI arrest that is very recent;
- A doctor's statement and/or certification that the doctor will not certify the applicant as fit for police work due to a disability.



Municipal Police Officers' Education and Training Comm
(MPOETC)

◆ The Act
◉ Rules and Regs
  ◆ Preamble
  ◆ Subchapter A.
    General
  ✚ Subchapter B.
    Police Officer
    Certification
    Requirements
  ✚ Subchapter C:
    School
    Requirements
  ✚ Subchapter D:
    Course
    Requirements
  ✚ Subchapter E:
    Instructor
    Certifications
  ✚ Subchapter F:
    Reimbursement of
    Expenses
  ✚ Subchapter G.
    Notice and
    Hearings
◆ Commission Members
◆ Commission Staff
◆ MPOETC Newsletters
◆ Training
◆ Computer Learning
  Center (CLC)
◆ Certified Schools
◆ Health & Wellness
◆ Criminal Complaint
  Form
◆ Homeland Security
◆ Amber Alert
◆ SUGGESTED LINKS
◉ FAQs
◆ Certification Exam
◉ Forms
◆ View as Text-Only
◆ Home

Login



### § 203.11. Qualifications.

(a) Except as provided in subsection (b), persons who are to be emplc
police officers by police departments within this Commonwealth from
December 21, 1996, shall:

> (1) Be 18 years of age or older.

> (2) Possess a high school diploma or GED Equivalency.

> (3) Be citizens of the United States.

> (4) Be free from convictions of disqualifying criminal offenses.

> (5)  Be able to read at no less than the ninth grade level, as
> established through the administration of the Nelson-Denny
> Reading Test.

> (6) Be personally examined by a Pennsylvania licenced physician
> The examination shall include the following:

>> (i) Applicants shall be free from the addictive or
>> excessive use of either alcohol or drugs which shall be
>> determined using current laboratory testing
>> procedures.

>> (ii) Applicants shall be free from the use of illegal
>> controlled substances which shall be determined using
>> current laboratory testing procedures.

>> (iii) Applicants physical condition shall be such that
>> applicants could reasonably be expected to withstand
>> significant cardiovascular stress.

>> (iv) Applicants shall be free from any debilitating
>> conditions such as tremor, incoordination, convulsion,
>> fainting episodes or other neurological conditions which
>> may affect the applicants' ability to perform as police
>> officers.

>> (v) Applicants shall have visual acuity of at least
>> 20/70, uncorrected in the stronger eye, correctable to
>> at least 20/20; and at least 20/200, uncorrected in the
>> weaker eye, correctable to at least 20/40. In addition,
>> the applicant shall have normal depth and color

perception and be free of any other significant visual abnormality.

(vi) Applicants shall have audio acuity sufficient to distinguish a normal whisper at a distance of 15 feet. The test shall be independently conducted for each ear while the tested ear is facing away from the speaker and the other ear is firmly covered with the palm of the hand. The applicant may not use a hearing aid or other aid to perform the test. If the applicant fails this test, the applicant shall be required to take and pass a decibel audio test.

(vii) Applicants may not be missing any extremities, including digits, which would prevent performance of required police duties or meeting minimum training requirements.

(viii) Applicants shall be free from any other significant physical limitations or disabilities which would, in the physician's opinion, impair the applicant's ability to perform the duties of a police officer or complete the required minimum training requirements.

(7) Be personally examined by a Pennsylvania licensed psychologist and found to be psychologically capable to exercise appropriate judgment or restraint in performing the duties of a police officer. The examination shall include the following elements:

(i) *Interview and history.* The psychologist shall personally interview the applicant. The interview shall include a summary of the applicant's personal, educational, employment and criminal history.

(ii) *Required psychological test.* Applicants shall be administered a current standard form of the Minnesota Multiphasic Personality Inventory (MMPI).

(iii) *Other testing methods.* If the licensed psychologist is unable to certify the applicant's psychological capability to exercise appropriate judgment and restraint to perform the duties of a police officer including the handling of a lethal weapon, the psychologist shall employ whatever other appropriate techniques to form a professional opinion of the applicant's ability. The use of these additional techniques requires a full and complete written explanation to the Commission on a form submitted by the psychologist to the Commission indicating what additional testing has been performed and the results of the tests.

(8) Be evaluated to determine physical fitness using the standa

developed by the Cooper Institute for Aerobics Research in Dalla
Texas. Each applicant shall score no lower than the 30th percent
of the Cooper standards, which coincides with the 30th percentil
of the general population, in each of the five required evaluation
to be eligible for employment. A person will not be enrolled in a
recruit training program at a police academy certified by the
Commission unless the person has obtained a score in the 30th
percentile or higher for the person's age and gender as specified
the Cooper standards for each of the five evaluations. The five
required evaluations are as follows:

> (i)  1.5 mile run.

> (ii)  300 meter run.

> (iii)  One repetition bench press.

> (iv)  One minute sit ups.

> (v)  Sit and reach. *(Suspended, not supported by Cooper)*

(9) Certify whether they have taken a physical examination or
psychological evaluation conducted in conjunction with an
application for police employment within the previous year and t
outcome of the examination or evaluation.

(10) Be subject to a thorough background investigation conduct
by the applicant's employing police department. The investigatic
shall include the following:

> (i) A criminal history check including the submission of
> fingerprints to the Central Repository for the
> Commonwealth and to the Federal Bureau of
> Investigation.

> (ii) A check of the applicant's credit history.

> (iii) Personal interviews conducted with at least 3
> people that have personal knowledge of the applicant
> but are not related to the applicant.

> (iv) Interviews of the applicant's employers, if any, for
> the past 5 years to determine the applicant's work
> history.

> (v) A check of the applicant's driving record verifying
> that the applicant has a valid driver's license.

(11) Successfully complete a basic police training course given a
Commission-certified school or obtain a waiver of training as
enumerated in § 203.12 (relating to waiver of training).

> (i) Successful completion of a basic police training

course shall be determined by the training school, based upon Commission standards.

(ii) To qualify for this certification, an applicant shall:

(A) Achieve a minimum qualifying firearms score of 75%.

(B) Receive certification for First Aid and CPR from the American Red Cross, the Department of Health, the American Heart Association or other agencies approved by the Department of Health.

(C) Comply with Commission and school rules and regulations.

(D) Pass the same certification exam administered to those seeking waiver of training as set forth in § 203.12(4).

(E) Attend 100% of all classes.

(I) Excused absences shall be mutually agreed upon by the police officer's department head and school director. School directors shall determine excused absences for applicants not employed as police officers.

(II) Excused absentees shall include personal illness or injury, illness in the immediate family requiring the applicant's attention or death in the immediate family.

(F) Complete the basic training course approved by the Commission with a minimum grade as established by the Commission. The Commission will publish a notice in the *Pennsylvania Bulletin* and in the Commission newsletter whenever the minimum grade on each tested area of examination changes.

(I) Applicants not achieving the minimum grade in any tested area shall repeat the failed training in that area before being eligible to take the examination in that tested area

at a Commission-certified school. If the applicant fails to achieve the minimum grade on the applicant's second attempt, the applicant shall be required to successfully retake and pass the entire basic police training course to qualify for certification.

(II)   Applicants not achieving the minimum grade in two separate tested areas during one basic police training course shall be required to retake and pass the entire basic police training course in order to qualify for certification.

(b)  Subsection (a) does not apply to persons who meet one of the fol conditions:

(1)  Previously held valid certification issued by the Commission within 2 years prior to the date of employment on the applicatio Persons who received a certification prior to 1988 and who did n have a psychological evaluation shall obtain a psychological evaluation to obtain certification.

(2)  Were sworn and full duty members honorably discharged fr the Pennsylvania State Police within 2 years prior to the date of employment on the application for certification. A past member who enlisted in the Pennsylvania State Police prior to May 1998 and who did not have a psychological evaluation shall obtain a psychological evaluation to obtain certification.

**Cross References**

This section cited in 37 Pa. Code § 203.15 (relating to application pack submission).

Content Last Modified on 7/18/2005 9:16:13 AM

© Copyright 2004, Commonwealth of PA

--------------------------------------------------------

**U.S. Department of Justice**

Civil Rights Division

DJP:JMG:SAS:CFG:ssj
DJ 170-64-148

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

**SEP 2 1 2006**

<u>Via Facsimile and U.S. Mail</u>

Gerald J. Villella, Esquire
Office of the City Solicitor
626 State Street, Room 505
Erie, PA 16501
Facsimile: 814.455.9238

    Re:    <u>United States v. City of Erie, C.A. No. 04-4E (W.D. Pa.)</u>

Dear Counsel:

    This letter is to respond to a request for information made by Julie Wasielewski, a paralegal in your office, via e-mail to Michelle Brown, a paralegal for the United States, as well as your letter of September 19, 2006. In her e-mail, Ms. Wasielewski requested
(1) completed copies of the questionnaires that the United States sent to claimants;
(2) interview notes of conversations between DOJ attorneys and/or paralegals and claimants; and
(3) a list of the criteria that the United States used in making its determinations as to claimants' eligibility for relief. We ask that requests for substantive materials be directed to the attorneys on this case in the future.

    As an initial matter, we note that the Consent Decree only discusses objections by the City to determinations that individuals are entitled to relief. Consent Decree, ¶ 54. Thus, we are providing only information relating to claimants the United States has determined are entitled to relief, as indicated on the Relief Awards List filed on September 7, 2006.

    In terms of the request for the questionnaires and interview notes, the United States will not provide these materials because they are privileged work product. We also believe that release of these materials raises privacy concerns. Instead, we are providing the factual information regarding claimants we have determined are entitled to relief that is contained in the notes and questionnaires <u>and</u> that is relevant to the claimants' eligibility for monetary relief or consideration for priority hiring relief.

Please be aware that such information does not include information relating to criminal, driving or employment history after a claimant's presumptive hire date.[1]  Such information is not relevant to a claimant's qualifications at the time she applied.  While this information may be relevant to whether a claimant who is eligible for consideration for hiring relief "currently" is qualified at the time the City is considering her for priority hire, as you know, the City will have an opportunity to evaluate the current qualifications of such claimants when the City considers hiring them.  It is our understanding, based on discussions during our settlement negotiations, that the City may not consider hiring any of the claimants for several years.  Assuming that a claimant who is eligible for consideration for hiring relief remains interested in such relief at that time, the City's evaluation must be based on whatever lawful, objective criteria it is then using in its normal police officer selection process.

As we explained in the materials filed with the Relief Awards List, the United States made its relief determinations primarily based on the criminal and driving history disclosed by the claimants.  The United States proceeded in this manner because the City had not complied with requests by the United States for additional information about the hiring processes in place between 1996 and 2002.  For those individuals receiving only monetary relief, the United States did not consider criminal or driving infractions that occurred after the claimant's presumptive hire date.  Additionally, because the City had the written scores for the women who applied for a police officer position in 2002, consistent with assertions made by the City during settlement negotiations, the United States only determined that a claimant who applied in 2002 was entitled to relief if her overall score (test score on the written examination plus veterans preference points) was equal to or higher than the score of the last person hired from the 2002 list.  Finally, if the United States determined that a claimant who applied more than once during the relevant period was eligible for relief for a particular hiring process, we did not consider performance on a later Erie police officer examination.

The United States determined that the women listed below are entitled to relief (see the Relief Awards List for the type of relief) because each woman had a valid driver's license, had never had her license revoked or suspended, and had never been convicted of a felony or misdemeanor at the time that she presumptively would have been hired if she passed the PAT.  We are including the driver's license numbers that we have for the women listed below.

1.    Dawn Flak-Boyajian – PA 23 962 400
2.    Nicole Bradley – PA 24 233 376
3.    Elizabeth Sul-Celline – PA 23 941 882
4.    Saprina Cooper – PA 23 478 847
5.    Heather Devlin – PA 21 963 186
6.    Julia Dudics – PA 23 982 790
7.    Heather Dunkle – PA 24 231 017

---

[1]    A claimant's presumptive hire date is the date that the first person was hired from the eligibility list generated by the first hiring process in which the claimant participated.

2

8.   Amy Foltyn – PA 22 782 009
9.   Cheryl Frey – PA 22 244 406
10.  Luvennise Gamble (PA 24 179 545)
11.  Tammy Geeting – PA 24 628 020
12.  Fatima Gibbs – PA 23 741 285
13.  Joanne Harris -- PA 23 217 912
14.  Lisa Hayes – PA 24 848 402
15.  Nina (Harris) Hopkins – PA 24 790 334
16.  Barbara Jones  – PA 23 207 316
17.  Audrey Karuba-Cooley – FL K612 010 64 506 0
18.  Venus Koenig – PA 23 475 220
19.  Stephanie Lindner – PA 22 310 793
20.  Corrina Lolley  – PA 23 937 758
21.  Marlo Machalinski  – PA 23 033 826
22.  Kathy Marshall – PA 18 584 766
23.  Natalie Meyer – PA 24 571 448
24.  Jessica Morgan – PA 23 940 289
25.  Jennifer Moubarak – PA 23 520 859
26.  Teresa O' Laughlin – PA 22 070 767
27.  Denise Osterberg[2] – PA 23 939 524
28.  Michele (Agnello) Peterson – PA 25 814 020
29.  Stacy Pollock – PA 23 542 622
30.  Tabitha Roberts  – PA 25 663 830
31.  Sue Yong Rodgers – PA 25 255 577
32.  Jennifer Runstedler – PA 23 742 476
33.  Christine Sauro – NC 29 362 836
34.  Mary Schmeisser – PA 22 157 911
35.  Tamilyn Shetler – PA 23 420 776
36.  Cheryl Siddun-Lego – PA 22 966 172
37.  Heidi Smith – 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 (SS# only information provided)
38.  Carla Stover – PA 22 270 100
39.  Maria (Lococo) Villa – PA 24 371 255
40.  Kristin (Lorei) Weismiller – PA 23 366 829
41.  Linda (Peters) Wolcott – PA 22 227 642

There are three women – Mary Ann Santiago, Zabrina Thompson (PA 24 795 709), and Linda (Mills) Burton (PA 19 369 767) -- not included on the list above whom the United States included on its Relief Awards List. As of the date of this letter, we have not received a questionnaire from Mary Ann Santiago. When we receive relevant information regarding her

---

[2]    The Relief Awards List indicates that Ms. Osterberg requested both monetary and hiring relief on her Interest In Relief (IIR) Form. However, in communications since the filing of the Relief Awards List, she has stated that she now seeks only monetary relief.

3

eligibility for relief, we will forward that information to the City. In terms of Ms. Thompson, she had her license suspended for three months because she did not have car insurance. She indicated that she does not remember when the suspension occurred but that it was after she had taken the PAT. The United States has determined that Ms. Burton is eligible for monetary relief despite pleading guilty to a misdemeanor in 1990. Ms. Burton indicated on her questionnaire that she was charged with disorderly conduct and criminal mischief as a result of breaking a glass at another woman's home. The disorderly conduct charge was dropped and she pleaded guilty to the criminal mischief charge and paid a fine. Since this incident did not involve a misdemeanor for which a sentence of one year or more could be imposed, there is no objective basis to conclude that the City would not have hired Ms. Burton.

We have the following updated address information:

Barbara Jones
1318 Buffalo Road
Erie, PA 16507

Audrey Karuba-Cooley
841 West Gore Road
Erie, PA 16509

Marlo Machalinski
4508 Miller Avenue
Erie, PA 16509

Finally, you stated in your facsimile dated September 19, 2006, that there was a problem with the transmission of PDF copies of the completed IIR forms for the claimants on the United States' Relief Awards List. The fax also requests the questionnaires and interview notes discussed above. Our e-mail records show that PDF copies of the IIR forms for all of the claimants on the Relief Awards List were transmitted to the City on September 7, 2006. Please contact Michele Brown at (202) 616-3175 to discuss having these forms re-sent. We are also happy to send paper copies if you are having trouble receiving or opening the documents. However, prior to September 7, Ms. Wasielewski requested that we provide the IIR forms in PDF format.

If you have any questions, please contact me at (202) 353-1817, or contact Sharon Seeley at (202) 514-4761. Thank you for your cooperation.

Sincerely,

David J. Palmer
Chief
Employment Litigation Section

By:

Clare Geller
Attorney
Employment Litigation Section



**U.S. Department of Justice**

Civil Rights Division

*Employment Litigation Section*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

# FAX Transmittal Sheet

**Date:** September 21, 2006

**To:**

**Name:** Gerald J. Villella, Esquire

**Organization:** Office of the City Solicitor

**FAX No:** 814 455 9438

**Off. Phone:** [To Office Phone Number]

**From:**

**Name:** Clare Geller

**FAX No:** 202 514 1005

**Off. Phone:** 202 353 1817

**Subject:** U S v. City of Erie, C. A. No. 04-4E (W.D. Pa.)

**Number of pages transmitted (including this sheet):**   6