**U.S. Department of Justice**

Civil Rights Division

---

DJP:JMG:SAS:CFG:es
DJ 170-64-148

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

October 18, 2006

<u>Via Facsimile</u>

Greg Karle
City Solicitor
Gerald Villella
Office of the City Solicitor
626 State Street, Room 505
Erie, Pennsylvania 16501

    Re: <u>United States v. City of Erie, C.A. No. 04-4 (W.D. Pa.)</u>

Dear Counsel:

    As you know, the Consent Decree requires that the City file any objections it may have to the United States' determinations regarding priority hiring relief no later than October 20, 2006. In addition, the Consent Decree requires that you provide a statement of your reason(s) for each objection, the identities of witnesses with knowledge of facts supporting each objection, and all documents relating to each objection to the United States no later than October 20, 2006.

    Defendant's First Set of Objections to Relief Awards List, which you filed on October 2, 2006, makes only one objection regarding priority hiring relief. Specifically, the City objects to the United States' determination that any claimant who took the written examination in 2002 is eligible for priority hiring relief in connection with her 2002 application as well as any earlier application(s). The City's only basis for that objection is the fact that all such claimants either failed the 2002 written examination or, according to the City, did not score high enough to be hired in 2002. To date, the only documents relating to this objection that you have provided are those that you filed as attachments to your First Set of Objections.

    We are aware that the City also has stated, in its First Set of Objections, that the City "objects" to the United States' determination that any claimants, other than the claimants who applied in 2002, are entitled to consideration for priority hire because, according to the City, "Plaintiff has thus far refused to provide documentation or other factual basis for their [sic] evaluation of each applicant as Defendant has requested." However, as you are aware from our previous discussions, regardless of the Court's ruling on the City's motion to compel, you will not receive any additional relevant information regarding the claimants the United States has determined should receive relief under the Decree. We have repeatedly informed you that the

United States has provided all such information. Thus, while the United States certainly expects that the Court will deny the City's motion to compel, even if the Court were to grant the motion, the City would obtain only the questionnaires themselves (and possibly information regarding the claimants the United States has determined should not receive relief, which would be irrelevant to the City's objections to claimants the United States has determined should receive relief). Thus, the City's attempt to "reserve further objections" is meaningless, because the United States provided all of the relevant information to the City by letter dated September 20, 2006.

Moreover, nothing in the Consent Decree allows the City to unilaterally extend the deadline for the City's objections as the City attempts to do in the guise of an "objection." The deadline exists in order to allow the United States and the Claimants an adequate opportunity to prepare for the Fairness Hearing on Individual Relief, which will occur on November 20, 2006. As you know, pursuant to the Decree, the claimants already have been given notice of the date of the Fairness Hearing.

Accordingly, any objections (other than the City's single objection regarding 2002 applicants described above) must be filed by Friday, October 20, 2006. In addition, the City must provide all of the information and documents required by the Decree, including any additional documents or witnesses relating to the City's objection regarding 2002 applicants, on the same date.

The Decree states no deadline for objections by the City to the United States' determinations regarding monetary relief because such objections are not allowed. As the City asked rhetorically in its Brief in Support of Defendant's Motion to Compel Production of Documents, since the "City has no ability to reduce the ultimate size of the [Settlement] Fund by objecting to monetary relief awards . . . what would be the reason for allowing such objections to be made?"

As always, feel free to contact me at (202) 514-4761 if you have any questions or would like to discuss this matter further.

Sincerely,

David J. Palmer
Chief
Employment Litigation Section

By:

Sharon A. Seeley
Attorney
Employment Litigation Section