**U.S. Department of Justice**

Civil Rights Division

---

DJP:JMG:SAS:CFG:es
DJ 170-64-148

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

October 30, 2006

Via Facsimile

Greg Karle
City Solicitor
Gerald Villella
Office of the City Solicitor
626 State Street, Room 505
Erie, Pennsylvania 16501

    Re:    United States v. City of Erie, C.A. No. 04-4 (W.D. Pa.)

Dear Counsel:

    In the City's recent "Detailed Objections," you indicated that Daniel Tempestini and Constance Cook will testify at the Fairness Hearing on Individual Relief on November 20, 2006 "regarding the nature, scope and sources of" the written Civil Service examinations administered by the City to police officer applicants. As you know, the United States' position is that: (1) neither Mr. Tempestini nor Ms. Cook is qualified to provide expert testimony regarding the written examinations; and (2) even with expert testimony, it would be impossible to determine how a Claimant would have scored on a written examination that the City did not allow her to take, based on the Claimant's score on the written examination she did take in 2002. Nonetheless, out of an excess of caution, we must proceed as though Mr. Tempestini and Ms. Cook may testify until the Court rules on the City's pending motion.

    Therefore, pursuant to Paragraph 54 of the Consent Decree, the United States requests that you make Mr. Tempestini and Ms. Cook available for deposition. Specifically, we request that you make both individuals available at the Erie office of the United States Attorney on November 6, 2006 at 10:00 a.m.

    Please contact me at (202) 514-4761 as soon as possible and inform me whether the City will make Mr. Tempestini and Ms. Cook available at the requested time and place. If either of your witnesses cannot be available at that time, please inform me of other dates and/or times when they will be available for deposition. As you know, the Decree requires that the City make Mr. Tempestini and Ms. Cook available no later than November 6, 2006. We do not intend to agree to any extension of that deadline. While we will, of course, attempt to accommodate their schedules up to the deadline, we already have a very short period prior to the November 20, 2006

hearing within which to prepare our witness(es) – as well as to retain our expert witness(es) – after we have obtained the testimony of Mr. Tempestini and Ms. Cook.

In addition, as you know, Paragraph 54 required that the City provide "all documents <u>relating to</u> the City's contention that [a] Claimant is not eligible for hiring relief" no later than October 20, 2006. (Emphasis added.) Because the City has objected to the eligibility of various Claimants on the theory that the Claimants' scores on the written Civil Service examination administered by the City in 2002 are evidence of how the Claimants would have scored on the written examinations administered between 1996 and 2000, the City was required to provide all documents relating to the written Civil Service examinations used by the City between 1996 and 2002. Specifically, the required documents include, but are not limited to: all contracts relating to the City's purchase or use of any of the written examinations used by the City between 1996 and 2002; all correspondence between the City and any test developer, vendor or other party relating to the written examinations; all promotional materials relating to the written examinations; copies of the written examinations; minutes of any Civil Service Commission meetings referring to the written examinations; all documents describing the written examinations; all validation studies relating to the written examinations; and all documents referring or relating to the reliability or standard error of the written examinations. The City provided no such documents on or before the October 20, 2006 deadline.

If no documents relating to the Civil Service examinations used by the City between 1996 and 2002 exist within the City's possession, custody or control, please inform me of that fact immediately. Otherwise, provide all such documents, as well as any other documents relating to the City's objections, immediately. The United States will then determine what action is appropriate in light of the City's failure to comply with Paragraph 54 of the Decree.

                            Sincerely,

                            David J. Palmer
                            Chief
                            Employment Litigation Section

By:

                            Sharon A. Seeley
                            Attorney
                            Employment Litigation Section