**U.S. Department of Justice**

Civil Rights Division

---

*Employment Litigation Section*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

DJP:JMG:SAS:CFG:sj
DJ 170-64-148

<u>Via Facsimile and U.S. Mail</u>

Greg Karle, Esquire
Gerald J. Villella, Esquire             November 1, 2006
Office of the City Solicitor
626 State Street, Room 505
Erie, PA 16501
Facsimile: 814.455.9238

    Re:    <u>United States v. City of Erie, C.A. No. 04-4E (W.D. Pa.)</u>

Dear Counsel:

    We are in receipt of your letter, dated October 31, 2006. In your letter, you state that you are in the process of trying to determine which test vendor developed each of the written examinations that the City of Erie ("City") administered as part of each of its entry-level police officer hiring processes between 1996 and 2002. You further state that, once you have identified the vendors, you will attempt to obtain "sample" copies of the examinations the City purchased from them and administered in each of the relevant years. According to your letter, you hope to provide these sample examinations by November 6, 2006. In addition, you state that Daniel Tempestini and Constance Cook, the only persons you have indicated the City intends to call to testify regarding the written examinations at the November 20, 2006 Fairness Hearing on Individual Relief, are available to be deposed on November 6, 2006, at 10:00 a.m.

    In your letter and oral communications with me, you have indicated that Mr. Temepstini and Ms. Cook are fact witnesses and will not provide expert testimony regarding whether (or how) an applicant's score on the 2002 written examination can be used to establish that the applicant would have failed either the same examination or a different examination administered in another year. We understand that, instead, Mr. Tempestini and Ms. Cook will be called only to verify that a particular written examination was given in a specific year. If our understanding regarding the scope and nature of the testimony of these two witnesses is incorrect, please notify me immediately so that we can appropriately prepare for their depositions.

    While, as you know, the United States believes that the City already has failed to comply with the Consent Decree provisions requiring that the City produce documents relating to its

objections by October 20, 2006, we will wait until we have deposed Mr. Tempestini and Ms. Cook, have received the documents (if any) the City produces by November 6 and have had an opportunity to evaluate the extent of the prejudice caused by the City's non-compliance to determine what action is appropriate. In that regard, as we discussed by telephone yesterday, we have drafted the enclosed set of proposed stipulations in an attempt to lessen the prejudice to the United States and the Claimants. As you will see, each of the proposed stipulations is based on the deposition testimony of the City's employees/officials or on documents produced by the City during liability phase discovery or attached to Defendant's First Set of Objections to Relief Awards. For the City's convenience we have added (in brackets) citations to the deposition testimony and attached the relevant pages of the deposition transcripts. In addition, if it would be helpful to the City, please call me so that we can walk through the exhibits (e.g., the eligibility lists) and I can point out to you where each of the individual applicants referred to in the proposed stipulations appears on the relevant lists.

      Because there is a very brief time remaining before the November 6, 2006 depositions, please review the proposed stipulations immediately and let me know by close of business tomorrow, November 2, 2006, whether the City will agree to them. As always, if you have any questions, please contact me at (202) 353-1817.

                                        Sincerely,

                                        David J. Palmer
                                        Chief
                                        Employment Litigation Section

By:        *[signature]*

                                        Clare Geller
                                        Attorney
                                        Employment Litigation Section